**In re Eugene Hendrix TUGGLE, Joyce Coleman Tuggle formerly Joyce Coleman Spotts, Debtors.**

**Bankruptcy No. 3–82–01646.**

United States Bankruptcy Court, E.D. Tennessee.

July 20, 1984.

Stanley Givens, Johnson City, Tenn., for debtor Eugene Hendrix Tuggle.

Ferdinand Powell, Jr., Johnson City, Tenn., for trustee William L. Lancaster, III.

### MEMORANDUM AND ORDER

CLIVE W. BARE, Bankruptcy Judge.

The trustee has objected to a claim filed by the debtor, Eugene Hendrix Tuggle, on June 20, 1984, in the name of the Internal Revenue Service for "Assessment for Federal employment taxes withheld by Tuggle Pontiac-Buick-GMC, Inc.," in the sum of $28,743.00.

Tuggle Pontiac-Buick-GMC, Inc. filed a voluntary chapter 7 petition (Case No. 3–82–01645) in this court on October 27, 1982, the same day that Tuggle filed his individual petition. The same attorney represented both entities. Eugene H. Tuggle, holding 100% of the outstanding stock, signed the petition as president of the corporation. In the corporate bankruptcy, the United States (Internal Revenue Service) is listed as a priority creditor in the amount of

$9,000.00 for FICA taxes. In the corporate bankruptcy, the Internal Revenue Service on June 8, 1983, filed a proof of claim in the amount of $39,070.03. Internal Revenue Service did not file a proof of claim in Tuggle's individual bankruptcy case.

Pursuant to 11 U.S.C.A. § 341(a), meetings of creditors in both cases were held December 8, 1982. The Orders for Meetings entered November 4, 1982, mailed to the debtors, their attorney, all listed creditors, the Internal Revenue Service, and parties in interest, contain the following notice:

> In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim, whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed within 6 months after the above date set for the meeting of creditors will not be allowed, except as otherwise provided by law. A claim may be filed in the office of the Clerk of the Bankruptcy Court at Suite 1501, United American Plaza Building, Knoxville, Tennessee 37929–1501 on or before 06/08/83, on an official form prescribed for a proof of claim.

Section 501(a) of title 11 of the United States Code states that a creditor may file a proof of claim. Former Bankruptcy Rule 302(a), in effect on the dates of the matters in controversy herein, states that, except as provided in Rules 303 and 304, "[I]n order for his claim to be allowed, every creditor, including the United States, any state, or any subdivision thereof, must file a proof of claim in accordance with this rule . . . ." Rule 302(e) states that "A claim must be filed within 6 months after the first date set for the first meeting of creditors," with exceptions not pertinent. Section 501(c) provides that if a creditor does not timely file a proof of claim, the debtor or the trustee may file a proof of such claim. Rule 303 implements § 501(c) and states

that if a creditor having a provable claim for *taxes* or wages fails to file his claim on or before the first date set for the first meeting of creditors (in these cases, December 8, 1982), the *debtor* may execute and file a proof of such claim in the name of the creditor.

From this undisputed record it is clear that the debtor, Tuggle, had from December 8, 1982, until June 8, 1983, to "timely" file a proof of claim in his individual (and in the corporate) bankruptcy case in the name of the United States for any tax obligation owing by either entity. He failed to do so. It was not until June 20, 1984, that he filed a proof of claim.[1]

Promptness is an essential feature of any efficient system of bankruptcy administration, whether one considers primarily the interest of the creditors, or of the debtor, or of the community. With a view to securing some degree of that promptness, Congress has fixed the period within which claims must be filed. As indicated in ¶ 57.26, supra, this subdivision has a history of its own, tending to show that the choice of a period of six months after the first date set for the first meeting of creditors may be taken to represent the well-considered and carefully weighed outcome of extensive deliberation. Bankruptcy Rule 302(e) retains this basic six-month period.

. . . . .

Against this legislative background it would appear that there is no room for judicial power either to extend or shorten the statutory period unless expressly conferred by the Act or Rules . . . .

*Collier on Bankruptcy,* 14th ed., Vol. 3, ¶ 57.27[1][2].

The weight of authority considers the statutory six months' period as mandatory and immutable. "This is a statute of limitations. It is even more. It is a prohi-

---

1. On June 7, 1984, the debtor filed "Motion by Debtor to File Proof of Claim in the Name of a Creditor [Internal Revenue Service]." In an order entered June 13, 1984, the court pointed out that under the Bankruptcy Rules of Procedure the debtor had had such right since the first date set for the meeting of creditors called pursuant to § 341(a). The court also pointed out, however, the filing of a claim did not affect substantive rights or establish whether the claim had been "timely" filed.

912

bition. It is preemptory." *Matter of Brill,* 52 F.2d 636 (D.C.N.Y.1931), aff'd 52 F.2d 639 (C.C.A.2d Cir.1931).

As recently as April 11, 1984, the Seventh Circuit in *Wilkens v. Simon Brothers,* 731 F.2d 462 (7th Cir.1984), pointed out that cases construing the rule and statute (Bankruptcy Rule 302(e)(2); § 57(n) of the Bankruptcy Act of 1898) treat the six-month filing period as a "statute of limitations not subject to extension by the bankruptcy court." *Id.* at 464.

Bankruptcy Code § 726, the general distribution section for liquidation cases, must also be considered and followed. With exceptions not pertinent, that section establishes, in part, the following order of distribution in a chapter 7 case:

(1) payment of priority claims specified in § 507;

(2) payment of allowed unsecured claims (with exceptions not pertinent)—

A.  timely filed under § 501(a);

B.  timely filed under § 501(b) or (c);

C.  tardily filed under § 501(a), if

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under § 501(a);[2] and

(ii) proof of such claim is filed in time to permit payment of such claim.

(3) allowed unsecured claims tardily filed under § 501(a), other than a tardily filed claim of the kind specified in § 726(a)(2)(C).

■ Thus, had either the creditor, Internal Revenue Service, or the debtor filed a proof of claim within the specified time, the claim would have been paid as a priority claim under § 726(a)(1). Absent such filing the claim can only be paid as a tardily filed claim under § 726(a)(3). Since funds are insufficient to pay timely filed claims, no payment can be made on the Internal Revenue claim tardily filed by the debtor.

2.  The creditor involved in this case, The Internal Revenue Service, had notice of the filing of both cases. It filed a proof of claim in the

The trustee's objections must be sustained. He will distribute property of the estate pursuant to § 726(a) and (b).

IT IS SO ORDERED.

corporate case; it filed no claim in Tuggle's individual case.