**In re BENNY'S LEASING, INC., Debtor.**

**Richard W. ROEDER, Movant,**

v.

**INTERNAL REVENUE SERVICE, Respondent.**

Civ. A. No. 94–58.

United States District Court, W.D. Pennsylvania.

Oct. 26, 1995.

Tamera Ochs Rothchild and Richard W. Roder, Titusville, PA, for Movant.

Angelo A. Frattarelli, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, D.C., and Mary M. Hougton, Asst. U.S. Atty., Western District of Pa., Pittsburgh, PA, for Respondent.

## OPINION

DIAMOND, District Judge.

Presently before the court is a motion for reconsideration filed by the Internal Revenue Service ("IRS") contesting the reasoning set forth in an opinion issued by this court on June 23, 1995. The opinion affirmed the bankruptcy court's ruling that sustained the trustee's objection to untimely claims filed by the IRS. The IRS initially argued that it did not receive adequate notice. Both the bankruptcy court and this court found the notice received by the IRS to be adequate. The IRS now asserts that both the bankruptcy and this court failed to address its alternative argument that it is entitled to priority status under 11 U.S.C. § 726(a)(1). For the reasons set forth below, the motion will be denied.

### Background

Benny's Leasing, Inc. filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 12, 1990. On September 21, 1990, notice for the filing of proofs of claim was mailed to the IRS at its Philadelphia, Pennsylvania, Regional Service Center. The deadline for filing proofs of claim was December 12, 1990. On November 25, 1991, more than eleven months after the bar date, the IRS filed its claims. The IRS asserted a prior claim in the amount of $9,4038.61 which was secured by a tax lien which had attached to the debtor's property. The IRS also advanced an unsecured priority claim in the amount of $9,074.75 which represented the amount due and owing from unpaid FICA and FUTA taxes. Finally, the IRS presented a general unsecured claim in the amount of $875.58. The trustee for the debtor objected. The bankruptcy court determined that the IRS's priority claim secured by a tax lien on property still existing in the estate at the time of the filing could not be avoided by

the trustee. As to the unsecured claims which were made against the distributed estate, the bankruptcy court sustained the trustee's objection, opined that the IRS received sufficient notice and denied the claims as untimely.

■ The IRS's statement of appeal was limited to a single issue: whether the notice it received was adequate. On June 23, 1995, this court determined that the IRS had received adequate notice and affirmed the bankruptcy court's rulings. The IRS now asserts that it has unsecured priority claims under § 726(a)(1) of the Bankruptcy Code regardless of whether the filing of its claims was untimely and that its priority status mandates that its unsecured claims be accepted by the bankruptcy court. The IRS raised this plausible argument in its brief as an alternative argument to its position that the notice it received was inadequate.

To support its position, the IRS cites to *United States v. Cardinal Mine Supply,* 916 F.2d 1087 (6th Cir.1990). The IRS, however, fails to recognize a highly distinguishable factor present in *Cardinal Mine* and absent in this case. The reason the court permitted the late-filed claim in *Cardinal Mine* was that the creditor did not receive notice or have knowledge of the pending bankruptcy. The *Cardinal Mine* court held that the creditor's priority claim under § 726 had to be recognized because the creditor would have been deprived of due process if the claim were to be denied. It explained: "[t]hough it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, *the normal ... penalty should not apply.*" *Cardinal Mine,* 916 F.2d at 1092 (*citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. 383 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 97 (1978), U.S.Code & Admin.News 1978, pp. 5883, 6339, *reprinted in* Collier on Bankruptcy, App. Vols. 2 and 3 (9th ed. 1990) (emphasis added).

■ Although it is clear that Congress did not intend to automatically preclude priority claims under § 726(a)(1) where they are filed in an untimely manner, there is no support

**352**

for the proposition that Congress created this section so as to permit a creditor with adequate notice to file an unsecured priority claim for an unlimited period of time after the bar date and the distribution of the estate. The courts which have considered the issue have concluded that where adequate notice was received, the creditor is barred from proceeding on an untimely filed priority claim. For example, in *In re Electrical Management, Inc.*, 133 B.R. 90, 91 (Bankr. N.D.Ohio 1991), the court rejected the argument that § 726(a)(1) mandates the payment of all late-filed priority claims regardless of the reason for the late-filing. *Id.* at 91–92. Although a more lenient approach was taken by the bankruptcy court in *In re Tuggle*, 40 B.R. 910, 912 (Bankr.E.D.Tenn.1984), the court nevertheless indicated that a claim must be timely filed in order to be given priority status under § 726(a)(1). *Id.* at 912.

In the present case, the IRS filed its unsecured priority claims nearly one year after the bar date. The distribution of existing assets had been completed by the time the IRS had filed its claims. The IRS had received adequate notice and its tardiness was excessive and unexcusable. Under these circumstances, the IRS's priority status pursuant to § 726(a)(1) is inapposite because it is barred from initially proceeding on its unsecured priority claims. Furthermore, it is disingenuous to move for reconsideration on the basis that priority status under the Bankruptcy Code in itself excuses excessive tardiness where the caselaw advanced supports the reasoning set forth in the previous opinions of which the IRS complains.

### Conclusion

For the foregoing reasons, the IRS's motion for reconsideration will be denied.