## In re DIVCO PHILADELPHIA SALES CORPORATION, Trading as Penn Franklin Oil Company and as Harrisburg Truck Center, Debtor.

**Bankruptcy No. 82–00187G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 8, 1986.

Donald M. Collins, David C. Corujo, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for movant/trustee, Fred Zimmerman.

Virginia Powel, Asst. U.S. Atty., Philadelphia, Pa., Valerie R. Dinkins, Pension Benefit Guar. Corp., Washington, D.C., for claimant, Pension Benefit Guar. Corp.

Fred Zimmerman, Pennsauken, N.J., trustee.

Leon S. Forman, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for debtor,

Divco Philadelphia Sales Corp., t/a Penn Franklin Oil Co. and as Harrisburg Truck Center.

## OPINION

### EMIL F. GOLDHABER, Chief Judge:

The predominant question posed in the instant case is whether we should reconsider our opinion and accompanying order in *In re Divco Philadelphia Sales Corp.*, 60 B.R. 323 (Bankr.E.D.Pa.1986), on our finding that a claim of the Pension Benefit Guaranty Corporation ("the Pension Fund") is not a tax within the meaning of Bankruptcy Rule 2002(j). For the reasons outlined below, we reaffirm our conclusion that the claim is not a tax and that reconsideration should be denied.

The facts of this case are as follows:[1] Several years ago the debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code"), and we duly appointed a trustee to administer the case. Notice of the bankruptcy was sent to creditors informing them that it appeared that no assets would be available for prepetition creditors and, hence, the filing of proofs of claim was unnecessary. Subsequent developments proved otherwise and the clerk of the bankruptcy court so notified creditors on October 21, 1983, also informing them that the bar date for filing proofs of claim was January 21, 1983. The mailing list from which notice was sent contained the name of the creditor at issue, the Pension Fund, but no notice was sent to the United States Attorney for this district. The Pension Fund filed a proof of claim and several amendments thereto *after* the bar date. The obligation to the Pension Fund is not a debt for taxes and, as stated above, the Pension Fund is a United States instrumentality. The indebtedness at issue arises under the debtor's termination of an employee pension plan guaranteed by the federal government.

The trustee objected to the claim of the Pension Fund on the ground that the filing of the claim was untimely. The trustee predicated his argument on the principle that a timely and accurate mailing raises a presumption that the mail was received.[2] The Pension Fund contended that it overcomes this presumption on the basis that it carefully logs, summarizes, indexes and routes all income mail. Neither side raised the authority of Bankruptcy Rule 2002(j) (infra).

The Pension Fund is a wholly-owned United States Government corporation created under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), which guarantees the payment of certain pension benefits upon termination of a pension plan to which Title IV applies. 29 U.S.C. §§ 1302, 1322. In the event of the termination of such a plan, it determines whether the pension plan has sufficient assets to pay all the nonforfeitable benefits guaranteed under the plan. If, in a plan protected by ERISA, there are insufficient funds to pay all the guaranteed benefits, the Pension Fund will pay any deficiency. 29 U.S.C. § 1361. In order to finance the guaranteed benefit payments, the Pension Fund collects insurance premiums from ongoing pension plans. 29 U.S.C. §§ 1306–07. In addition, the employer-sponsor that terminates a plan with insufficient funds incurs liability to the Pension Fund and must reimburse it for the insufficiency in an amount up to thirty percent of the employer's set worth. 29 U.S.C. § 1362. In light of the contours of the systems established by ERISA, we found above that the obligation in question is not in the nature of a tax debt.

As to the deadline for filing proofs of claim, the Bankruptcy Rules provide that:

### Rule 2002

### NOTICES TO CREDITORS, EQUITY SECURITY, HOLDERS, AND UNITED STATES

(a) Twenty-day Notices to Parties in Interest. Except as provided in subdivi-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed.2d 861 (1932); *United States v. Cresta* (In re Cresta), 40 B.R. 953 (Bankr.E.D.Pa. 1984).

sions (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of

\* \* \* \* \* \*

(8) the time fixed for filing proofs of claims pursuant to Rule 3003(c).

Bankruptcy Rule 2002(a). Bankruptcy Rule 2002(j) provides further authority governing the dissemination of notice to the United States:

(j) Notices to the United States. *Copies of notices required to be mailed to all creditors under this rule shall be mailed* (1) in a chapter 11 reorganization case to the Securities and Exchange Commission at Washington, D.C., and at any other place the Commission designates in writing filed with the court if the Commission has filed a notice of appearance in the case or has made a request in writing filed with the court; (2) in a commodity broker case, to the Commodity Futures Trading Commission at Washington, D.C.; (3) in a chapter 11 case to the District Director of Internal Revenue for the district in which the case is pending; *(4) if the papers in the case disclose a debt to the United States other than for taxes, to the United States attorney for the district in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted;* or if the filed papers disclose a stock interest of the United States, to the Secretary of the Treasury at Washington, D.C.

Bankruptcy Rule 2000(j) (emphasis added). As clearly expressed in Rule 2002(j)(4), on a non-tax debt owed to the United States, notices must be sent to the "department, agency, or instrumentality of the United States through which the debtor became indebted" *and* "to the United States attorney for the district in which the case is pending...." *United States v. Kennedy (In Re H. & C. Table Co., Inc.),* 457 F.Supp. 858 (Bankr.W.D.Tenn.1978) (construing former Bankruptcy Rule 203(q),

which is the precursor of Bankruptcy Rule 2002(j) ).

In our prior opinion we stated that notice was arguably sent to the Pension Fund but not to the United States Attorney. We consequently held that the notice was defective under Bankruptcy Rule 2002(j) and that the bar date for filing claims did not bind the Pension Fund. We accordingly overruled the trustee's objection to the proof of claim.

The trustee then moved for reconsideration on two bases: (1) the alleged debt is a debt for taxes; and (2) the failure of the clerk of the bankruptcy court to notify any particular person of the bar date for filing claims does not affect the conclusiveness of that bar date.

■ On asserting that the claim of the Pension Fund is a tax, the trustee relies on § 4068(c)(2) of ERISA, 29 U.S.C. § 1368(c)(2), which states in part as follows:

§ 1368. Lien for liability of employer

(a) Creation of lien

If any employer or employers liable to the corporation under section 1362, 1363, or 1364 of this title neglect or refuse to pay, after demand, the amount of such liability (including interest), there shall be a lien in favor of the corporation upon all property and rights to property, whether real or personal belonging to such employer or employers.

\* \* \* \* \* \*

(c) Priority

(1) Except as otherwise provided under this section, the priority of the lien imposed under subsection (a) of this section shall be determined in the same manner as under section 6323 of Title 26. Such section 6323 shall be applied by substituting "lien imposed by section 4068 of the Employee Retirement Income Security Act of 1974" for "lien imposed by section 6321"; "corporation" for "Secretary or his delegate"; "employer liability lien" for "tax lien"; "employer" for "taxpayer"; "lien arising under section 4068(a)

of the Employee Retirement Income Security Act of 1974" for "assessment of the tax"; and "payment of the loan value is made to the corporation" for "satisfaction of a levy pursuant to section 6332(b)"; each place such terms appear.

(2) In a case under Title 11 or in insolvency proceedings, the lien imposed under subsection (a) of this section shall be treated in the same manner as a tax due and owning to the United States for purposes of Title 11 or section 3713(a) of Title 31.

29 U.S.C. § 1368(a) and (c). The text of 26 U.S.C. § 6323 provides for the creation and treatment of federal tax liens. While it is clear that an ERISA lien for employer liability is to be treated as a tax lien for purposes of priority, § 1368 does not state that the underlying ERISA liability is a tax liability. Section 1368(c) merely provides that an ERISA claim and a tax claim share one feature in common—liens of both share on a par. It is certainly a leap of faith then to say that because one shares a single trait in common with the other, the two are identical. Applying this logic, one could say that a donkey is the same as an elephant simply because they both have four legs. We accordingly conclude that 29 U.S.C. § 1368 does not render an ERISA claim a tax claim within the meaning of Bankruptcy Rule 2002(j).

The trustee's second basis for reconsideration is his assertion that the failure of the clerk of the bankruptcy court to notify any particular person of the bar date for filing claims does not affect the conclusiveness of that bar date. In support of his position he cites *Pigott v. Conestoga Distributors, Inc.*, 684 F.2d 239 (3d Cir.1982) and *In re Penn Publishing Co.* Bankr.L.Rep. (CCH) Para. 54,129 (Bankr.Ref.E.D.Pa.1942). In these cases the courts held that the bankruptcy court did not have the equitable power to extend the bar date for filing proofs of claims. In both cases the creditors were properly sent notice reasonably designed to apprise them of the need to file their claims. In *Pigott* the notice actually reached the creditor, while in *Penn Publishing* it was properly mailed to the claim-

ant but was never received "due to the war situation" apparently because the mail boat had been torpedoed. These cases represent situations in which notice was actually and properly *sent* to the claimant which was reasonably designed to inform the creditor of the need to file a proof of claim. The facts in the case at hand essentially differ in that the notice sent on behalf of the Pension Fund was defective since it was not sent to the U.S. Attorney as required by Bankruptcy Rule 2002(j). Due process requires that the notice be properly issued. As stated by the U.S. Supreme Court, "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Bankruptcy Rule 2002(j) provides that notice of the bar date be sent, *inter alia,* to the U.S. Attorney for filing proofs of claims on non-tax debts on behalf of the United States.

As applied to the case at bench proper notice was not sent to the U.S. Attorney on behalf of the Pension Fund. Thus, the bar date did not apply to the claim of the Pension Fund. Consequently, the trustee's second basis for reconsideration is without merit.

We will accordingly enter an order denying the trustee's motion for reconsideration of our order and accompanying opinion of May 2, 1986.