### In re Richard & Joyce VAUGHN, Debtors.

### Bankruptcy No. 91–54586–C.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Jan. 6, 1993.

88

Craig A. Gargotta, Asst. U.S. Atty., San Antonio, TX.

Robert C.E. Wolfe, Albert J. Levario, San Antonio, TX, for debtors.

## ORDER GRANTING MOTION OF THE UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE) TO PERMIT FILING OF A PROOF OF CLAIM AND DEEMING CLAIM TIMELY FILED

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the motion of the United States of America (Internal Revenue Service) to permit filing of a proof of claim and deeming same timely filed. Upon consideration thereof, it is the ruling of the court that the motion should be granted.

The facts of this case are uncomplicated. The Internal Revenue Service was not listed on the creditor matrix. The matrix was amended to include the IRS, but not until *after* the proof of claim bar date had passed. The United States now wishes to file its proof of claim, and to have the claim deemed timely filed for purposes of participating in the debtor's plan.[1] The IRS filed its proof of claim upon learning of the bankruptcy, but of course the filing was untimely. This motion followed.

This court has very recently ruled that creditors who fail to timely file their claims in chapter 13 cases may not file their claims late, as Rule 3002(c) admits of no exception for excusable neglect and Rule 9006(b) is not available as an independent source for late claims. *See In re Duarte,* 146 B.R. 958 (Bankr.W.D.Tex.1992) (awaiting publication). In that decision, this court acknowledged that, if the creditor fails to receive notice of the pending bankruptcy case, notions of due process would permit the late filing of the claim, overriding the limitations of Rule 3002(c). *Id.* at p. 962; *see City of New York v. New York, New Haven & Hartford R.R.,* 344

---

**1.** The IRS would no doubt be concerned that, absent a filing, they would be unable to participate in the plan payments, but would nonetheless find their claim discharged under the superdischarge provisions of 11 U.S.C. § 1328.

U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1091 (6th Cir.1990). Due process considerations were not raised by the facts of *Duarte,* and the late claim was not permitted to be filed. *Duarte,* at p. 963.

■■■ Notwithstanding that government entities do not enjoy the constitutional guarantee of due process afforded by the Fifth Amendment to the Constitution, the Sixth Circuit in *Cardinal Mine Supply* correctly observed that governmental entities *are* entitled to whatever *statutory* due process is provided in a given legislative scheme. *Cardinal Mine Supply,* 916 F.2d at 1091. The Bankruptcy Code provides numerous such due process protections [2], including the specific proviso that "[t]here shall be given such notice as is appropriate ... of an order for relief in a case under this title." 11 U.S.C. § 342(a). Pursuant to that notice, the creditor will be given an opportunity to meaningfully participate in the bankruptcy case, including attending the first meeting of creditors (§ 341), filing a proof of claim in a timely fashion (§ 501), and, as appropriate, objecting to confirmation of the debtor's plan in a chapter 13 case (§ 1325). The legislative history to Section 342(a) provides that "[t]he Rules will prescribe to whom the notice should be sent, and in what manner notice will be given.... State and Federal governmental representatives responsible for collecting taxes will also receive notice...." H.Rep. No. 595, 95th Cong., 1st Sess. 331 (1977). The rules enacted in furtherance of this clearly enunciated congressional policy include specific provision for notice to "all creditors" of the bar date for filing claims in bankruptcy cases. FED.R.BANKR.P. 2002(a) (1991). To assure that "all creditors" receive the notices there specified, the rules also require the debtor to prepare an accurate list of creditors with the petition. FED.R.BANKR.P. 1007(a). The local rules for this district further specifically require that, where a federal tax debt is owing, the creditor list is to specifically reflect the IRS at the Special Procedures office in Austin, Texas (for cases filed in this division). *See* BANKR.L.R. 1007(a)(1)(C), LOCAL COURT RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS (1989). The rule is designed to implement Rule 1007 of the national rules, and to assure maximum efficient participation on the part of the IRS in pending cases, with a minimum of delay.

These rules represent legitimate implementations of the Bankruptcy Code. *See Brooks Fashion Stores, Inc. v. Michigan Employment Security Commission,* 124 B.R. 436, 440 (Bankr.S.D.N.Y.1991) (bankruptcy rules have force of law). They do not pose an unreasonable burden on the debtor. Without these rules, a court would be unable to give meaning to the term "timely" used in Section 501(a), for example, nor would Section 342 make any sense. If the rules are not given effect in situations precisely such as this, then we might as well not have them, for otherwise they will be honored only the breach. More importantly, however, the statute's clear directive to afford "all creditors" due process would be eviscerated.

■■■ Thus, the court concludes that, where a governmental entity has been deprived of its entitlement to statutory due process (both as provided in the statute itself and in its implementing rules, including local rules), it must be accorded appropriate relief, notwithstanding the apparent bar of Rule 3002(c) of the Federal Rules of Bankruptcy Procedure. The motion is

---

**2.** This court has previously noted that all parties in interest in a bankruptcy case are entitled to the statutory due process protections provided by the Rules of Bankruptcy Procedure. *See Borsdorf v. Fairchild Aircraft Corp. (In re Fairchild Aircraft Corp.),* 128 B.R. 976, 984 (Bankr. W.D.Tex.1991). Clearly, the very reason that Congress made the rules applicable to bankruptcy cases was to provide statutory due process protections such as notice. *See In re Analytical*

*Systems,* 71 B.R. 408, 412 (Bankr.N.D.Ga.1987). Other courts have echoed this court's position that failure to comply with the notice requirements set forth under the rules is a violation of the statutory due process rights of the interested parties not noticed. *See, e.g., Cardinal Mine Supply,* 916 F.2d at 1091; *In re Divco Philadelphia Sales Corp.,* 64 B.R. 232, 235 (Bankr. E.D.Pa.), *modified on other grounds,* 72 B.R. 199 (Bankr.E.D.Pa.1986).

granted, and the United States is permitted to file its proof of claim as though it were timely filed, provided the claim is in fact filed by no later than January 31, 1993.[3]

SO ORDERED.

---

**3.** The Debtor and the Trustee have until February 28, 1993 in which to object to this late claim. If no objections are filed within that time frame, the bar on claims objection set forth in this court's Order Concerning Claims, entered earlier in this case, shall be effective to bar further objections to this claim.