UNITED STATES of America,
Plaintiff–Appellant,

v.

CARDINAL MINE SUPPLY, INC.,
Defendant–Appellee.

No. 89–6475.

United States Court of Appeals,
Sixth Circuit.

Argued July 30, 1990.

Decided Oct. 22, 1990.

Louis DeFalaise, U.S. Atty., David Middleton, Asst. U.S. Atty., Lexington, Ky., Robert K. Coulter, U.S. Dept. of Justice, Tax Div., Washington, D.C., Gary R. Allen, Acting Chief, Gary D. Gray, Joel A. Rabinovitz (argued), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., David Middleton, Asst. U.S. Atty., Robert K. Coulter, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

Randy G. Clark, Pikeville, Ky., for defendant-appellee.

Before KENNEDY, BOGGS, and SUHRHEINRICH, Circuit Judges.

KENNEDY, Circuit Judge.

The United States appeals the decision of the Bankruptcy Court affirmed by the District Court that both general unsecured creditors who filed timely claims and those who did not file timely claims because they received no notice of the bankruptcy are to be paid ahead of priority claimants who also filed late claims because they received no notice and had no knowledge of the bankruptcy. Because we do not believe that the Bankruptcy Code (11 U.S.C.) directs this result, we shall REVERSE.

On October 25, 1983, debtor, Cardinal Mine Supply, Inc., filed a petition for relief under Chapter 7 of the Bankruptcy Code. A notice mailed to creditors on November 25, 1983 set December 19, 1983 as the date of the meeting of creditors pursuant to 11 U.S.C. § 341(a), and set 90 days from December 19, 1983 as the time within which claims must be filed in order to be allowed, except as otherwise provided by law.

The IRS was not listed as a creditor in the case and did not receive notice of the meeting. The IRS learned of the bankrupt-

cy on September 27, 1985. On October 7, 1985, the IRS filed its claim as a priority claim in the amount of $18,892.35. The claim is primarily for employment taxes for the second and third quarters of 1983 as reported on returns delinquently filed by the debtor.

The United States Bankruptcy Court for the Eastern District of Kentucky determined that the fact that the IRS did not receive notice of the corporate debtor's bankruptcy case in time to permit timely filing of a proof of claim does not affect the result dictated by applicable provisions of the Bankruptcy Rules. It held that the Rules do not permit it to enlarge the time to file this tardy claim.

The Bankruptcy Court stated that Bankruptcy Rule 3002 requires that in a Chapter 7 liquidation case, an unsecured creditor, such as the IRS in this case, must file a claim within 90 days after the first date set for the meeting of creditors called pursuant to section 341 of the Bankruptcy Code in order for the claim to be allowed. The court noted that Bankruptcy Rule 3002(c)(1) permits a governmental entity to obtain an extension of time to file a proof of claim but only for cause shown on motion made before expiration of the 90 day period for filing claims; the court further noted that no such motion was filed in this case. The court also noted that Bankruptcy Rule 9006(b)(3) permits the court to enlarge the time for filing a proof of claim only under the conditions stated in Rule 3002(c) and that none of these conditions applies to the facts of this case. Finally, the Bankruptcy Court noted that although 11 U.S.C. § 726(a)(2)(C) authorizes *pari passu* distribution on a tardily filed unsecured claim if the creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim, this provision excludes unsecured claims entitled to priority in distribution under 11 U.S.C. § 507, such as the claim of the IRS in this case. Thus the court sustained the trustee's objection to the tardily filed claim of the IRS and found that the order of distribution on the claim is that provided for by 11 U.S.C. § 726(a)(3), that is after the distribution on non-priority unsecured claims.

The IRS appealed, and the District Court affirmed the decision of the Bankruptcy Court. The District Court stated that "[s]ection 726(a)(2)(C) of Title 11 allows distribution for a late general unsecured claim if the creditor did not have notice or actual knowledge of the case in time for filing a proof of claim. However, this provision specifically excludes unsecured claims entitled to priority, such as the IRS' claim here." We do not agree that the Bankruptcy Code requires that exclusion.

Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim. 11 U.S.C. § 501(a). The Code requires that appropriate notice be given (11 U.S.C. § 342) but does not specify what notice shall be given to creditors or when it shall be given. That was left to the Bankruptcy Rules. Bankruptcy Rule 3002(c) provides that a proof of claim in a Chapter 7 or 13 case shall be filed within 90 days after the first date set for the meetings of creditors.[1] Rule 9006 provides that the court may enlarge the time under Rule 3002(c) only to the extent and under the conditions stated by that rule. It is clear that the IRS did not file its claim within the time period permitted by Rule 3002(c). The IRS argues, however, that a federal tax claim, filed late because the IRS was not notified and had no knowledge of the debtor's bankruptcy case or of the bar date, may not be subordinated to non-priority unsecured claims.

Section 507 sets forth the types of claims that are to be given priority treatment, and sets forth the order that the priority is to take. 11 U.S.C. § 507. There is no question that the employment taxes claimed by the IRS would receive priority under section 507 had a claim for them been timely filed, for such a claim would fall within the

---

1. This section enumerates a number of exceptions to the 90 day filing requirement, none of which is applicable to the present case.

sixth priority group set forth in that section. *See* 11 U.S.C. § 507(a)(6)(D).[2]

Distribution of property of the estate is controlled by 11 U.S.C. § 726, which provides in part:

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
>
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
>
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
>
> (A) timely filed under section 501(a) of this title;
>
> (B) timely filed under section 501(b) or 501(c) of this title; or
>
> (C) tardily filed under section 501(a) of this title, if—
>
> (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
>
> (ii) proof of such claim is filed in time to permit payment of such claim;
>
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;
>
> (4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages . . .;
>
> . . . . .
>
> (b) Payments on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or

(6) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in a particular paragraph. . . .

In placing the IRS claim in section 726(a)(3), the Bankruptcy Court reasoned that although 11 U.S.C. § 726(a)(2)(C) authorizes *pari passa* distribution on a tardily filed nonpriority unsecured claim where the creditor did not have notice or actual knowledge of the bankruptcy to file a timely proof of claim, section 726(a)(2)(C) specifically excludes unsecured claims entitled to priority in distribution under section 507.

We note that although the Bankruptcy Court said that the Rules did not allow it to permit the IRS's claim to be tardily filed, the court in fact treated the claim as filed and allowed in holding that it was entitled to distribution after payment of all the unsecured claims. Certainly section 726(a)(3) contemplates that some tardily filed claims can and will be filed and allowed. We cannot have a statute that specifically allows payment of tardily filed claims and rules that prohibit their filing. Accordingly, to the extent that Rule 9006 contradicts the statute, it cannot stand.

 Due process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy. Although the United States appropriately concedes that it has no right to due process,[3] construing the Bankruptcy Rules and section 726(a)(2)(C) to exclude the IRS's claim in the present case would cause *all* section 507 priority claims, including those of private parties, to be excluded from the

---

**2.** This subsection provides that priority shall be given:

> [To] allowed unsecured claims of governmental units, to the extent that such claims are for—
>
> . . . . .
>
> (D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due,

under applicable law or under any extension, after three years before the date of the filing of the petition

> . . . .

11 U.S.C. § 507(a)(6)(D).

**3.** *See South Carolina v. Katzenbach*, 383 U.S. 301, 323–24, 86 S.Ct. 803, 815–16, 15 L.Ed.2d 769 (1966) (holding that a state is not a person entitled to due process under the fifth amendment).

tardily filed claims provision of section 726, thereby implicating due process rights. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950) (stating that "[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of ... property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case").

In a case involving a tax lien under the old Bankruptcy Act, the United States Supreme Court determined that notice and an opportunity to be heard were necessary before a party could be deprived of property. *City of New York v. New York, New Haven & Hartford R.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). *City of New York* involved the reorganization of a railroad under section 77 of the old Bankruptcy Act. The district court ordered that all claims be filed by a certain date, after which unfiled claims would be denied participation. The debtor was ordered to mail notices to the creditors who had already appeared in court. The only notice given to other creditors appeared in two once-a-week publications in five daily newspapers. New York City was never notified of the order setting the bar date and therefore never filed its claims.

The Court noted that section 77(c)(8) of the Bankruptcy Act required judges to cause reasonable notice of the bar date to be given, and that section 77(c)(4) of the act also required judges to cause a list of known creditors to be filed. The Court held that notice by newspaper publication was not reasonable notice when the creditor was known to the debtor, and that the bar date notice should have been mailed to New York City. The Court stated, "The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *City of New York,* 344 U.S. at 297, 73 S.Ct. at 301.

*City of New York* was not decided upon due process grounds, for the city of New York, like the IRS in the present case, does not have a constitutional right to due process. *City of New York* involved a statutory mandate that notice be given, and section 342 of the Bankruptcy Code provides a similar mandate. This section provides: "There shall be given such notice as is appropriate of an order for relief in a case under this title." 11 U.S.C. § 342. The legislative history of this provision notes that "[d]ue process will certainly require notice to all creditors.... State and Federal governmental representatives responsible for collecting taxes will also receive notice." S.Rep. No. 989, 95th Cong., 2d Sess. 42 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5828, *reprinted in* Collier on Bankruptcy, App. vol. 3 (15th ed. 1990). Further, at least one court has found that "[t]he language in *City of New York* clearly is not grounded in goals unique to the former bankruptcy act." *Spring Valley Farms, Inc. v. Crow,* 863 F.2d 832, 835 (11th Cir.1989). The Court's reasoning in *City of New York* is equally applicable to the case before this Court, and thus the basic principle of justice that notice and an opportunity to be heard are necessary before a party's claim is barred applies to the present case as well. Further, were this a priority claim for wages, the Bankruptcy Court's construction of the statute would result in a due process violation. As the Supreme Court stated: "When the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Crowell v. Benson,* 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1932).

Several Chapter 11 cases have found that a party's right to due process was violated because the party did not receive notice of the bankruptcy. *See, e.g., Spring Valley Farms,* 863 F.2d at 834 ("Considerable support exists for plaintiffs' assertion that due process prevents Section 1141 from being read to extinguish their claims when no

notice of the bar date for filing a proof of claim has been sent in compliance with Bankruptcy Rule 2002(a)(8)." [4]); *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1386 (10th Cir.1987) ("Notice must be given to 'all creditors' under Rule 2002(a) of the time set for filing proofs of claim. The term 'all creditors' has no qualifications or limitations. This notice must also be given to satisfy due process requirements.") (citation omitted), *cert. dismissed*, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988); *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620, 623 (10th Cir.1984) ("A fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake.... We will not require Olson to subject its claim to a confirmed reorganization plan that it had no opportunity to dispute.") (footnote omitted). *See also In re Remington Rand Corp.*, 836 F.2d 825 (3d Cir.1988) (holding in a chapter 11 case that government is entitled to file a late proof of claim where debtor failed to notify government of claims bar date); *Merrill Lynch, Pierce, Fenner & Smith v. Dodd*, 82 B.R. 924, 928 (N.D.Ill.1987) ("Nonetheless, implicit in the strict time requirements of the bankruptcy rules is the assumption that a creditor has received notice of the bankruptcy petition. The basic principles of due process—notice and the opportunity to be heard—require no less.... Indeed, courts which have faced a situation similar to the instant dispute have found that the debtor must demonstrate that notice has been provided before the Rules' time limits may be enforced.") (citing *In re Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir.1985)); *In re Wm. B. Wilson Mfg. Co.*, 59 B.R. 535, 538–39 (Bankr.W.D.Tex.1986). *But see In re International Resorts, Inc.*, 74 B.R. 428 (Bankr.N.D.Ala.1987) (denying creditor's late filed claim where creditor did not receive notice of first meeting of creditors and information concerning filing proofs of claim).

■ The failure of the Bankruptcy Rules to provide relief to creditors who receive no notice of a bankruptcy and have no knowledge of it cannot deprive those creditors of their substantive right not to have their property rights taken away without notice. Bankruptcy courts are courts of equity and can provide a remedy when there is a substantive right. *See Pepper v. Litton*, 308 U.S. 295, 303–04, 60 S.Ct. 238, 243–44, 84 L.Ed. 281 (1939).

■ The language of section 726 does not itself bar tardily filed priority claims. Subsection (a)(1) merely provides that the order of distribution of priority claims will be the order specified in section 507. This subsection makes no distinction between tardily filed and timely filed priority claims or between tardily filed claims where the priority creditor had notice or had no notice. Subsection (a)(2)(C) makes such a distinction between tardily filed claims where the creditor had notice or knowledge and those where the creditor had no notice or knowledge. There are valid reasons for permitting all tardily filed priority claims to be paid whether or not the creditor had notice. Wages, contributions to employee benefit plans, claims of persons who have deposited grain in a grain elevator up to $2,000, rent or security deposits up to $900, are all claims which deserve very special consideration. Those considerations apply whether the claim is tardily filed or not. Congress has chosen to place certain taxes in the privileged category. Congress has expressed itself that these claims are to be paid first. Since their priority is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed either because they had received no notice of the bankruptcy or for some other reason.

The Bankruptcy Court read section 726(a)(2) to exclude priority claims from payment if filed late although it clearly permits non-priority without-notice late-filed claims to be paid. However, section 726(a)(2) excludes subsection (a)(1) priority claims because they will have already been paid if the statutory order of distribution is followed and it excludes subsection (3) and subsection (4) claims since they are to come after all subsection (2) claims are paid.

---

**4.** Rule 2002(a) applies only in chapter 9, 11 and 13 cases.

Thus, subsection 726(a)(2) does not except the claims of subsections (a)(1), (3) and (4) because it wishes to distinguish between classes of tardily filed claims, but rather to maintain the order of payment of claims specified therein. Note that tardily filed unsecured creditor claims, even where there is no lack of notice, are paid *before* subsections (3) and (4) claims.

Further, a finding that basic principles of justice require notice and an opportunity to be heard is consistent with the legislative history of section 726 claims. The House and Senate Reports regarding section 726(a)(2)(C) state, "Second, distribution is to general unsecured creditors. This class excludes priority creditors...." H.R.Rep. No. 595, 95th Cong., 1st Sess. 383 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 97 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5883, 6339, *reprinted in* Collier on Bankruptcy, App. Vols. 2 and 3 (19th ed. 1990). Both reports go on to state that "[t]hough it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty should not apply." *Id.* It would be inconsistent with such reasoning to exclude section 507 claims that are untimely filed from section 726. Not only is there no apparent rationale for excluding such claims, it is also unlikely that the legislature would have intentionally excluded such claims without discussing the reason for doing so. Where, as here, the reason for late filing of a priority claim is the failure to give the creditor notice, it should be treated the same as timely filed priority claims entitled to distribution under section 726(a).

Principles of equity require that notice and an opportunity to be heard must be provided before a party can be deprived of a right such as the IRS's property interest in the present case. The Bankruptcy Code contemplates the filing of late claims. The legislative history does not indicate that section 726(a)(2)(C) should be construed as the Bankruptcy Court and District Court construed the provision. For these reasons, we find that the District Court erred in affirming the decision of the Bankruptcy Court.

Accordingly, we REVERSE the decision of the District Court and REMAND the case to the Bankruptcy Court according priority to the claim of the IRS.