**In re Wayne Sol MacLOCHLAN and Theresa Jean MacLochlan, Debtors.**

**Bankruptcy No. B88–00479–Y.**

United States Bankruptcy Court, N.D. Ohio.

March 6, 1991.

Joseph C. Lucci, Youngstown, Ohio, for debtors.

Carl D. Rafoth, Youngstown, Ohio, Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

The matter before the Court is Debtors' Motion to Allow a Claim Filed by Debtors on behalf of the United States of America, Internal Revenue Service ("IRS"). Debtors filed their Petition for relief under 11 U.S.C. Chapter 7 on April 14, 1988. The time for filing proofs of claim expired on August 15, 1988. Debtors listed the IRS as a priority creditor in the Schedules filed with their Petition; the claim of the IRS listed by Debtors was Seventy–Five Dollars ($75.00) for unpaid income tax for tax year 1987. To date, the IRS has not filed a proof of claim in this bankruptcy proceeding.

On October 1, 1990, Debtors were notified by the IRS of a tax liability in the amount of Ten Thousand Two Hundred Nine Dollars ($10,209.00) which was the result of the disallowance by the IRS of a deduction claimed by Debtors. Debtors filed their Motion to allow the claim of the IRS on December 20, 1990. At this time, the Trustee has not yet distributed assets in this case to creditors. On January 8, 1991, the Trustee filed an objection to Debtors' Motion asserting that there is only Four Thousand Three Hundred Dollars ($4,300.00) in this estate to be distributed and that this tardily filed claim should not be paid in accordance with its administrative priority.

In support of their Motion, Debtors point to the recent Sixth Circuit case *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990). In that case, the court held that a claim of the IRS, despite being tardily filed, was not subordinated to non-priority unsecured claims. *Cardinal,* 916 F.2d at 1091–1092. An important factual distinction exists between the present case and the one presented in *Cardinal,* however. In the *Cardinal* case, the IRS was not given notice of the bankruptcy, and the Court considered at length the due process type issues raised where a creditor's claim is disallowed and the creditor had no notice of the bankruptcy. In the present case, the IRS was given notice of the bankruptcy, although at the time the Petition was filed neither the IRS nor Debtors knew of the additional tax liability.

Debtors did not file their Motion within the time provided to them to file proof of a creditor's claim. 11 U.S.C. § 501(c); Bankr.R. 3004. On the other hand, Bankr.R. 1009 permits the Debtors to amend their Schedules at any time before the case is closed and 11 U.S.C. § 726 contemplates the payment of certain claims as long as they are filed in time to permit payment. 11 U.S.C. § 726(a)(2)(C); *see also, Cardinal,* 916 F.2d at 1091. Furthermore, there are equitable reasons which suggest that Debtors' Motion should be sustained.

Usually a creditor is left to suffer the consequences where it had notice of a bankruptcy proceeding but failed to file its claim on time. In the present case, however, Debtors will suffer adverse consequences due to the IRS's failure to act in a prompt manner, because the claim of the IRS is not dischargeable. 11 U.S.C. § 523(a)(1)(A). If Debtors' Motion is overruled, nothing will be distributed on the IRS claim. If the IRS had filed its claim on time or if Debtors had been notified of the

**4**

IRS claim on time, a substantial portion of the IRS claim would be paid as an administrative expense. The different treatment of the claim which usually penalizes the creditor will be passed on to Debtors in this case despite the fact that Debtors did everything they could to notify the IRS of the bankruptcy. Title 11 was enacted to provide a fresh start to debtors. Overruling these Debtors' Motion deprives them of the fresh start. Furthermore, it would deprive the IRS of its congressionally recognized preferred position in Debtors' distributable assets. For these reasons, the rationale of *Cardinal* is applicable to the present case despite the fact that actual notice was given to the IRS in the present case. The *Cardinal* court held as follows:

> Bankruptcy courts are courts of equity and can provide a remedy when there is a substantive right. *See, Pepper v. Litton,* 308 U.S. 295 [60 S.Ct. 238, 84 L.Ed. 281] ... (1939).
>
> The language of section 726 does not itself bar tardily filed priority claims. Subsection (a)(1) merely provides that the order of distribution of priority claims will be the order specified in section 507. This subsection makes no distinction between tardily filed and timely filed priority claims or between tardily filed claims where the priority creditor had notice or had no notice.... *There are valid reasons for permitting all tardily filed priority claims to be paid whether or not the creditor had notice.* Wages, contributions to employee benefit plans, claims of persons who have deposited grain in a grain elevator up to $2,000.00, rent or security deposits up to $900.00, are all claims which deserve very special consideration. Those considerations apply whether the claim is tardily filed or not. Congress has chosen to place certain taxes in the privileged category. Congress has expressed itself that these claims are to be paid first. Since their priority is set in the statute, it is reasonable that the priority is more important that whether they were tardily filed either because they had received no notice of the bankruptcy *or for some other reason.*

*Cardinal,* 916 F.2d at 1091 (emphasis added).

In order to prevent an inequitable result to the Debtors, this Court concludes that the IRS claim should be allowed and paid in its usual priority. Debtors' Motion is sustained.

IT IS SO ORDERED.