**In re Edward G. VECCHIO and Carol A. Vecchio, Debtors.**

**Bankruptcy No. 088–80912–21.**

United States Bankruptcy Court, E.D. New York.

June 10, 1991.

Edward Zinker, Smithtown, N.Y., for debtors.

Robert L. Pryor, Pryor & Mandelup, Mineola, N.Y., for trustee.

## AMENDED OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Before the Court is a motion by the Chapter 7 Trustee to expunge, because filed late, the claim of the United States Internal Revenue Service ("IRS") for withholding and FICA taxes for the year 1989.[1]

On September 28, 1988 the Debtors voluntarily filed a bankruptcy petition under Chapter 7. Among the debts listed in their schedules are two scheduled as owed to the IRS, encompassing $792 owed on their 1986 personal income tax and $25,000 owed as "Withholding tax due from New Market Mfg., Inc." In the schedule of assets, in response to the question as to what stock in incorporated and unincorporated companies the Debtors owned, the Debtors responded: "Debtor is 70% shareholder of New Market Mfg., Inc. which filed a Chapter 7 in February 1988."

Notice of the filing was sent all creditors by the Clerk of the Court who also notified them that it was not necessary to file a claim because it was a no-asset case.

On November 22, 1989 notice was sent to all creditors, including the IRS, that assets had been discovered so that payment of a dividend might be possible. Creditors were advised that in order to share in any distribution from the estate, claims had to be filed on or before February 20, 1990.

On January 31, 1990, the IRS filed a proof of claim for income taxes for the years 1984 and 1986, totalling $2,203.43. On April 25, 1990 and May 15, 1990, amended claims were filed for a total amount of $19,459.94. Of this, $17,256.51 was for Withholding and FICA and was described as a "Proposed assessment under IRC 6672

---

1. The Trustee originally also sought to reclassify, IRS's claim for income taxes for the year 1984 from a priority to a general unsecured claim, but that portion of the motion has been withdrawn.

as a responsible officer of NewMarket [sic] Manufacturing, Inc., ID# 11–2666853." The amended claims were filed as unsecured priority claims under Section 507(a)(7) of the Bankruptcy Code. Each amended claim bears the statement "This amended proof of claim amends and supersedes our proof of claim dated January 31, 1990 in the amount of $2,203.43."

■ The Chapter 7 Trustee is objecting to the amended claims on the ground that they assert a new claim not covered in the initial, timely filed proof of claim and, therefore, insofar as they seek recovery of withholding and FICA taxes for the year 1987 he asks that they be expunged. The Trustee's supporting Memorandum of Law argues that Bankruptcy Rule 3002(c), which lays down the time for filing claims in a Chapter 7 liquidation case, is peremptory and the deadline fixed in accordance with its provisions cannot be enlarged, or extended, by the Court. Rule 3002(c)(5) provides that if notice of insufficient assets to pay a dividend is initially given to creditors and, subsequently, payment of a dividend is possible, the clerk shall so notify the creditors and they may file proofs of claim within ninety days after the mailing of the notice. The Trustee acknowledges that amendments to timely filed claims are permitted but not where the amendment asserts an entirely new claim. He cites *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985); *In re Westgate–California Corp.*, 621 F.2d 983, 984 (9th Cir. 1980); *In re Owens*, 67 B.R. 418 (Bankr. E.D.Pa.1986); *In re Newcomb*, 60 B.R. 520 (Bankr.W.D.Va.1986); *In re Hunt*, 59 B.R. 718 (Bankr.D.Me.1986); *In re Overly–Hautz Co.*, 57 B.R. 932 (Bankr.N.D.Ohio 1986); *In re Sapienza*, 27 B.R. 526 (Bankr. W.D.N.Y.1983).

The IRS does not take issue with the principles upon which the Trustee relies, but maintains that even if its claim for FICA and withholding taxes is a new claim and filed late, it is still entitled to have them paid as a priority claim under the rationale adopted by the Sixth Circuit in *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990). The

decision in that case can be read—and the IRS so reads it—as requiring all priority claims to be paid regardless of when filed. In short, priority claims are never time barred.

The facts in *Cardinal* go far to explain the result reached there. In that case the IRS never received notice that a Chapter 7 petition had been filed nor of the time in which claims must be filed in order to be allowed. It received no notice because it was not listed as a creditor. The last date to file claims was ninety days from December 1983. The IRS learned of the bankruptcy on September 27, 1985 and on October 7, 1985 filed its claim as a priority claim in the amount of $18,892.35. Both the Bankruptcy Court and the District Court held that both general, unsecured creditors who filed timely claims and those who did not file timely claims because they received no notice of the bankruptcy were to be paid ahead of the IRS. They believed this result compelled by 11 U.S.C. § 726(a)(2). The IRS appealed, arguing that a Federal tax claim filed late because the IRS was not notified and had no knowledge of the debtor's bankruptcy case or of the bar date may not be subordinated to nonpriority, unsecured claims. The Court, writing through Circuit Judge Kennedy, agreed with the position taken by the IRS. To begin with, the Sixth Circuit said:

Due process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy.

916 F.2d at 1089.

In the view of the Court, the considerations that led Congress to give priority to certain debts apply whether the claim is tardily filed or not:

Congress has chosen to place certain taxes in the privileged category. Congress has expressed itself that these claims are to be paid first. Since their priority is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed either

because they had received no notice of the bankruptcy or for some other reason. 916 F.2d at 1091.

The Court concluded: "Where, as here, the reason for late filing of a priority claim is the failure to give the creditor notice, it should be treated the same as timely filed priority claims entitled to distribution under Section 726(a)." 916 F.2d at 1092.

It is not wholly clear from the opinion whether the decision is limited to priority claims filed late because the creditor lacked notice or whether priority claims take priority regardless when filed and regardless what the reasons for their being filed late.

The IRS seeks to bring itself within the ambit of this opinion by asserting that it was "unaware of debtor's relationship with Newark [sic] Corporation in time to include the one-hundred percent penalty on its timely filed Proof of Claim since debtors did not disclose this relationship to their creditors." (Memorandum in Response to Debtors' Objection to Claim, pp. 3–4).

The IRS's statement is belied by the record. Not only did the Debtors disclose their relationship with New Market Manufacturing Corporation but they listed as one of their debts the taxes covered by the IRS's late filed claim. Therefore, the equitable considerations present in *Cardinal Mine Supply* are lacking here. The IRS not only had notice of the bankruptcy, but nothing more was required than examination of the debtor's petition to disclose the fact that taxes were owed the IRS for FICA and withholding. Thus, the due process considerations which go far to explain the result in *Cardinal Mine Supply* are missing here.

*Cardinal* has already drawn criticism. On January 28, 1991, Bankruptcy Judge Arthur J. Spector of the Eastern District of Michigan, after noting that the Sixth Circuit could have based its opinion solely on the equitable and due process grounds first discussed says of the decision: "[I]t also set forth an interpretation of § 507 that this Court regards as questionable. In what we believe (and hope) is dictum, the court stated that the time limits for filing proofs of claim do not apply to creditors holding unsecured priority claims." *In re Mayville Feed & Grain, Inc.*, 123 B.R. 245, 246 (Bankr.E.D.Mich.1991). Bankruptcy Judge Spector, after quoting some of the same portions of the *Cardinal* opinion, as are set forth above, goes on to say:

> The problem with this analysis is that it overlooks the fact that § 507(a) refers only to *allowed* claims. The logical inference to be drawn from this qualification, of course, is that a claim cannot acquire priority status under § 507(a) unless it is allowed. *See In re Tomlan*, 907 F.2d 114 (9th Cir.1990) ("[T]he IRS must timely file a proof of its unsecured claims in order to obtain priority status in a Chapter 13 bankruptcy.")
>
> One basis for disallowing a creditor's claim is the failure to file a proof of claim before the applicable bar date. *See* 3 Collier on Bankruptcy, ¶ 502.01[1] (15th ed. 1990) ("[T]he condition precedent to a claim ... being deemed allowed is that proof of such claim ... shall have been filed ... within the fixed time ...")

123 B.R. at 246–247 (emphasis in original)

This Court cannot improve on this analysis of the inconsistency between the conclusion in *Cardinal* that all priority claims are to be paid ahead of other debts, whether timely filed or not, and the general structure of the Bankruptcy Code.

District Judge Quackenbush's opinion in *In re Tomlan*, 102 B.R. 790 (E.D.Wash.1989), adopted by the Court of Appeals, in *In re Tomlan*, 907 F.2d 114 (9th Cir.1990), categorically rejects the idea that a claim can be entitled to priority which is not timely filed, saying: "Nor is one entitled to receive priority status if one has not met the statutorily mandated requirements, including the requirement of having filed a timely proof of claim." 102 B.R. at 795. Judge Quackenbush relies on the same basic principles as the Chapter 7 Trustee here is invoking. The governing principle is that to achieve priority status a tax claim must be allowed and to be allowed it must be timely filed. 11 U.S.C. § 507(a)(7).

242

## CONCLUSIONS OF LAW

This is a core proceeding.

The April 25, 1990 and May 15, 1990 amendments of the IRS to its timely filed proof of claim asserted entirely new claims.

█ These new claims are not allowed as priority claims because they were not filed within the time fixed by the Court.

The IRS had notice of the bankruptcy proceeding and the Debtors' possible liability for FICA and withholding taxes due to the Debtors' association with New Market Manufacturing, Inc. which was disclosed on their schedules. There are no equitable reasons for accepting a late-filed priority claim from the IRS.

The claims of the IRS filed on April 25, 1990 and May 15, 1990 are denied priority as filed late. The earlier claim is not affected.

Settle Order.