## In re ELECTRICAL MANAGEMENT, INC., Debtor.

### Bankruptcy No. B87-01923.

United States Bankruptcy Court, N.D. Ohio, E.D.

Oct. 30, 1991.

David O. Simon, Cleveland, Ohio, Trustee.

Richard J. French, Asst. U.S. Atty., Cleveland, Ohio, for IRS.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is the objection of Trustee, David O. Simon, to Claim Number 263 filed by the Internal Revenue Service (IRS) and response thereto. After preliminary hearing the parties agreed to submit the matter on stipulations and briefs. This objection is a core proceeding within this Court's jurisdiction. 28 U.S.C. §§ 1334(a), (b), 157(b)(2)(B), (O).

Stipulated are the following:—

"1. The bankruptcy case of Electrical Management, Inc. was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 3, 1987.

2. The Internal Revenue Service was listed as a creditor of Electrical Management, Inc. in the schedules filed with the Court and did receive notice of the commencement of the case.

3. The bar date for filing claims in this case was set by the Court to be October 13, 1987.

4. The Internal Revenue Service had notice of the bar date in time to timely file its claim.

5. The Internal Revenue Service did not seek an Order of this Court extending the time within which it could file a claim in this case.

6. The Internal Revenue Service filed a proof of claim in this case on October 14, 1987, setting forth priority claims in the amount of $82,318.69 and general unsecured claims in the amount of $10,619.64."

Trustee objects to the IRS claim due to untimeliness. The claim was filed outside the bar date set pursuant to Bankruptcy Rule 3002. Fed.Bankr.R.Proc. 3002(c). The issue for decision is the effect of this late filing vis-à-vis the right of IRS to receive distribution under Section 726 of the Bankruptcy Code. This Section provides for distribution, in relevant part, as follows:—

"(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection ... 11 U.S.C. § 726 (1988)

Trustee's objection seeks to reduce the IRS claim to zero because of late filing. IRS alleges the late filed priority claim is entitled to payment pursuant to Section 726(a)(1). Further, it asserts the general unsecured portion of the claim warrants payment under Section 726(a)(3). Alternatively, it maintains the entire claim should be paid by authority of Section 726(a)(3).

The IRS is scheduled as a creditor, received notice of the claims bar date and failed to timely file. Bankruptcy Rule 3002(c) requires claims in a Chapter 7 case to be filed within 90 days after the first date set for the meeting of creditors. Fed. Bankr.R.Proc. 3002(c). Generally this rule is strictly construed as a statute of limitations to provide finality and insure swift distribution of the bankruptcy estate. *In re Robert Stone Cut Off Equipment, Inc.*, 98 B.R. 158 (Bankr.N.D.N.Y.1989). Provisions therein for extension of the bar date are inapplicable in the within case. Bankruptcy Rule 9006 provides for enlargement of time only on conditions stated in Rule 3002(c). Fed.Bankr.R.Proc. 9006(b)(3). In *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990), the Court held Section 726 of the Bankruptcy Code contemplates payment of some tardily filed claims and the bankruptcy rules cannot contradict the statute regarding that payment. The issue, therefore, is whether the IRS claim is entitled to payment pursuant to Section 726 of the Bankruptcy Code notwithstanding non-compliance with the filing deadline.

In *Cardinal Mine*, the Sixth Circuit addressed the issue of a late-filing priority claimant's right to payment pursuant to Section 726(a). The specific facts involved an unscheduled priority creditor who received no notice of the claims bar date. Constrained by due process and equity concerns predicated on lack of notice, the Court held Section 726(a)(1) by its terms does not differentiate between timely and tardy Section 507 priority claims. Further, it held that the Bankruptcy Rules cannot deprive creditors of substantive property rights in the absence of notice. "The failure of the Bankruptcy Rules to provide relief to creditors who receive no notice of a bankruptcy and have no knowledge of it cannot deprive those creditors of their sub-

stantive right not to have property rights taken away without notice." *Cardinal Mine* at 1091.

IRS presents an interpretation of the *Cardinal Mine* case which mandates payment of all late-filed priority claims irrespective of the reason for late-filing. This Court rejects that interpretation. While the Sixth Circuit held Section 726(a)(1) did not by its terms preclude payment of late-filed priority claims, it did not hold such payment was required irrespective of the effect of applicable bankruptcy rules. Absent notice considerations which necessarily affect substantive rights, the claims bar dates imposed by the bankruptcy rules remain effective. 28 U.S.C. § 2075 (1988).

■ IRS Claim Number 263 sets forth an undisputed priority claim of $82,318.69. IRS stipulated to receipt of notice of the claims bar date. The claim is late-filed pursuant to Bankruptcy Rule 3002(c) and is entitled to no payment under Section 726(a)(1). Claim Number 263 also contains a general unsecured claim for $10,619.64. Consistent with the *Cardinal Mine* decision, the entire IRS claim is entitled to payment under Section 726(a)(3), because the entire claim is a tardily filed general unsecured claim "other than a claim of the kind specified in paragraph 726(a)(2)(C) . . ."

IRS argues that this Court should exercise its equitable powers to allow the tardy claim as a timely claim. To support this argument, it cites a line of cases dealing with amendment to timely filed claims. *In re Unroe,* 937 F.2d 346 (7th Cir.1991); *United States v. Kolstad,* 928 F.2d 171 (5th Cir.1991); *In re Bajac Construction Co.,* 100 B.R. 524 (Bankr.E.D.Calif.1989); *In re Miss Glamour Coat Co., Inc.,* 80–2 U.S.T.C. ¶ 9737, 1980 WL 1668 (S.D.N.Y.1980). This Court has recognized that amendments are freely allowed in appropriate circumstances. Amendment, however, is not permitted as a guise or cure for filing an untimely claim. *In re Overly–Hautz Co.,* 57 B.R. 932 (Bankr. N.D.Ohio 1986), aff'd on other grounds, 81 B.R. 434 (D.C.N.D.Ohio 1987); *In re White Motor Corp.,* 59 B.R. 286 (Bankr.N.D.Ohio

1986). As stipulated, IRS did not file a timely claim to support an amendment. It simply filed an untimely claim. There is no authority for this Court to exercise equitable powers to allow such claim. Moreover, if there were authority, the stipulated facts do not justify such exercise.

### JUDGMENT

For reasons stated in the Memorandum of Opinion and Decision filed contemporaneously with this Judgment,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Trustee's objection to Claim Number 263 filed by Internal Revenue Service is sustained in part. Pursuant to Claim Number 263, the Internal Revenue Service is entitled to distribution under Section 726(a)(3) of Title 11 of the United States Code.