**UNITED STATES of America, Appellant,**

**v.**

**Edward G. VECCHIO and Carol A. Vecchio, a/k/a Carol Reed, Appellees.**

**No. CV 91–3146.**

United States District Court, E.D. New York.

Nov. 18, 1992.

D. Patrick Mullarkey, Chief, Trial Section, Northern Region by Rosanne Harvey, U.S. Dept. of Justice, Washington, D.C., for U.S.

Pryor & Mandelup by Robert L. Pryor, Mineola, N.Y., Trustee and Atty. for appellees.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, the United States ("appellant") appeals, pursuant to 28 U.S.C. § 158(a), from a final order of the Honorable Cecelia H. Goetz, United States Bankruptcy Court, Eastern District of New York, 132 B.R. 239, which denied priority status to two claims of the Internal Revenue Service ("IRS") as being untimely filed. For the reasons that follow, the order is affirmed.

## I. BACKGROUND

On September 28, 1988, Edward and Carol Vecchio ("debtors") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, as amended. Among the debts listed in the debtors' schedules were two due and owing to the IRS, one in the amount of $792 for 1986 personal income taxes, and the other for $25,000 in withholding tax owed by "New Market Mfg., Inc.," of which debtors held seventy per cent of the shares.

Notice of filing, asserting the fact of debtors' bankruptcy, was mailed by the Clerk of the Bankruptcy Court to all creditors, including the IRS. Creditors were instructed that it was not necessary to file a proof of claim because it was a "no-asset" case.

Assets were subsequently discovered, and, on November 22, 1989, notice was sent to all creditors, including the IRS, that payment of a dividend was possible. The notice advised creditors that in order to share in any distribution from the debtors' estate, claims had to be filed with the Clerk of the Bankruptcy Court by February 20, 1990 (the "bar date").

On January 31, 1990, the IRS submitted a proof of claim ("January claim") in the amount of $2,203.43 for personal income taxes for the years 1984 and 1986. More than two months after the bar date, on April 25 and May 15, 1990, the IRS filed two amended claims ("April and May claims"), totalling $19,459.94, for FICA and withholding taxes, expressly stating that they superseded and amended the original proof of claim filed on January 31, 1990. The IRS described $17,256.51 as a proposed one-hundred per cent penalty under 26 U.S.C. § 6672 for debtors' role as responsible persons who wilfully failed to withhold, truthfully account for and pay over withholding and unemployment taxes of New Market Mfg. The amended claims were filed as unsecured priority claims pursuant to 11 U.S.C. § 507(a)(7)(C).

The bankruptcy trustee, Robert Pryor, moved to expunge the IRS' April and May claims because they were not timely filed. The IRS opposed the trustee's objection and relied on *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir. 1990), for the proposition that Congress intended all priority claims to be paid as such, even if they were filed late.

The Bankruptcy Court found that the "IRS had notice of the bankruptcy proceeding and of the debtors' possible liability for FICA and withholding taxes." Amended Order of Goetz, J., dated June 10, 1991, 132 B.R. 239, 242. The Court then determined that the IRS, having received notice of the

proceeding, was not entitled to priority status with respect to the April and May claims because they had been filed after the bar date. *Id.*

## II. DISCUSSION

Bankruptcy Rule 8013 provides that "[o]n appeal, the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact ... shall not be set aside unless clearly erroneous...." Bankruptcy Rule 8013 (1992). A district court, however, must undertake an independent review of the applicable law. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir. 1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991). Inasmuch as this appeal presents only a question of law, this Court undertakes a *de novo* review.

■ Appellant asserts that the Bankruptcy Court erred in denying priority status to the IRS' April and May claims on the ground that they were filed after the bar date. In support of its position, appellant relies solely on *Cardinal Mine* and its construction of 11 U.S.C. §§ 507 [1] and 726(a) [2].

Appellant argues that priority claims do not lose their status in the order of distribution even when those claims are filed after the bar date. In support of its argument, appellant emphasizes the high status that Congress has accorded to priority claims. 11 U.S.C. §§ 507, 726.

Appellant further asserts that § 726 does not distinguish between priority claims that are filed in an untimely manner from those timely filed. Appellant supports this view with *Cardinal Mine*'s analysis of § 726:

Wages, contributions to employee benefit plans ... are all claims which deserve very special consideration. Those considerations apply whether the claim is tardily filed or not. Congress has chosen to place certain taxes in the privileged category.... Since their priority is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed because they received no notice of the bankruptcy or for some other reason.

*Cardinal Mine*, 916 F.2d at 1091. Adopting this reasoning, appellant contends that the statutory intent of § 726 is undermined if priority claims are not paid first, regardless of when they are filed.

In *Cardinal Mine*, the IRS filed a priority proof of claim for taxes one and one-half years after the bar date. However, because the debtor had failed to list it as a creditor, the IRS had never received notice of the bankruptcy proceeding or of the time in which claims had to be filed. Once the IRS became aware of the bankruptcy, it filed its notice of claim within ten days. The bankruptcy court and the district court held that "both general, unsecured creditors who filed timely claims and those who did not file claims because they received no

---

**1.** Section 507 delineates the types of claims that are accorded priority status, as well as the order of priority. It provides, in relevant part:

(a) The following expenses and claims have priority in the following order:

(6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

(D) an employment tax of a wage, salary, or commission of a kind specified in paragraph (3) of this subsection....

**2.** Section 726 provides, in relevant part:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds the claim did not have notice or actual notice of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

....

notice of the bankruptcy [were] to be paid ahead of the [IRS]." *Cardinal Mine*, 916 F.2d at 1087.

On appeal, the IRS argued that because it lacked notice of debtor's bankruptcy, its claim was entitled to priority status despite being filed late. The IRS contended, and the Sixth Circuit agreed, that its claim would be properly placed under § 726(a)(2)(C), specifying that tardily filed claims may be submitted as long as the creditor had no notice or knowledge of the debtor's situation before a claim could be filed. *See* 11 U.S.C. § 726(a)(2)(C)(i). The Sixth Circuit determined that the lower courts erred in construing § 726(a)(2) to exclude priority claims filed late for lack of notice. *Cardinal Mine*, 916 F.2d at 1092. The Sixth Circuit emphasized that the "legislative history does not indicate that section 726(a)(2)(C) should be construed as the [lower courts have] construed the provision." *Id.*

In turn, appellant argues that *Cardinal Mine* applies to the instant case because it explicitly states that "valid reasons [exist] for permitting all tardily filed priority claims to be paid whether *or not* the creditor had notice." *Id.* at 1091 (dicta) (emphasis added). Appellant contends that its claims should not be ranked lower in the order of distribution due to the late filing of the proof of claim, even though appellant received timely notice of the bar date.

Appellant further contends that after filing its initial claim, it determined that the debtor could be subject to a one-hundred percent penalty pursuant to 26 U.S.C. § 6672. Thus, appellant asserts that it had been necessary for the IRS to conduct a thorough investigation of the matter, thereby accounting for the delay in filing the two subsequent claims.

In opposition, appellees argue that only *Cardinal Mine*, and then only in dicta, supports the proposition that § 726(a)(2) extends to both priority and non-priority claims. In addition, they note that Bankruptcy Rule 3002(c) specifically provides a deadline of ninety days after the first meeting of creditors for filing proofs of claim. This, they argue, cannot be extended ex-cept in specified circumstances which the parties agree do not apply, or by a motion for an extension of time. *In re W.T. Grant Co.*, 53 B.R. 417, 420–21 (Bankr. S.D.N.Y.1985); *In re Jordan*, 21 B.R. 318, 320 (Bankr.E.D.N.Y.1982); *In re Brill*, 52 F.2d 636 (S.D.N.Y.), *aff'd per curiam*, 52 F.2d 639 (2d Cir.1931).

Appellees also rely on *In re Kulick*, 85 B.R. 680 (E.D.N.Y.1988), a decision of this court supporting a strict adherence to bar dates for proofs of claim and likening them to statutes of limitation. *Id.* at 681 (citation omitted). Appellees further point out that the IRS could have requested an extension of time to file the proof of claim, an option that it did not pursue.

In construing § 726, appellees assert that case law supports the proposition that the IRS' late claim, of which it had notice, should fall under § 726(a)(3), which covers all late proofs of claim, including priority claims. Appellees further assert that the claims do not fall under § 726(a)(2) because that section begins with the phrase *"allowed* unsecured claim." (emphasis added). In order to qualify as an "allowed" claim under this section, appellees contend, certain prerequisites must be met, the most important one being that the claim is filed on time. *In re Mayville Feed & Grain, Inc.*, 123 B.R. 245, 246–47 (Bankr.E.D.Mich. 1991); *see also In re Tomlan*, 102 B.R. 790, 792–93 (E.D.Wash.1989), *aff'd*, 907 F.2d 114 (9th Cir.1990) (holding the IRS not entitled to priority status for an untimely filed claim); *In re Kragness*, 82 B.R. 553, 555 (Bankr.D.Or.1988) (subordinating a claim of the state as being untimely filed); *In re Sems Music Co.*, 24 B.R. 376, 379 (Bankr.Tenn.1982) (disallowing an untimely filed claim, absent fraud, lack of notice, or "extraordinary circumstances").

■ This Court, finding appellees' arguments persuasive, concludes that § 726(a)(3) extends to all claims, both priority and non-priority. The Court notes that appellant received notice of the bankruptcy proceeding and, therefore, had ninety days within which to file its claim. Appellant failed to file its proof of claim within the prescribed period and, accordingly, is rele-

gated to a position below that of the other creditors.

In declining to adopt appellant's interpretation of *Cardinal Mine*, this Court notes that other courts have refused to extend its holding beyond its specific facts. The court in *In re Century Boat Co.*, No. NT 86–03517, 1991 WL 241808, 1991 U.S.Dist. LEXIS 11478 (W.D.Mich. Aug. 7, 1991), warns against misapplying the language of *Cardinal Mine*. That court emphasizes that in *Cardinal Mine*, the IRS did not have notice of the bankruptcy proceeding. Thus, it determined that a "rational construction" would extend *Cardinal Mine* no further than saying that "there must be some equity involved in extending the limitations period". *Id.* 1991 WL 241808 at *2, 1991 U.S.Dist. LEXIS 11478 at *6–7.

In *In re Electrical Management, Inc.*, 133 B.R. 90 (Bankr.N.D.Ohio 1991), the IRS, having received notice of a bankruptcy proceeding, failed to file a claim within the ninety day period set forth in the bankruptcy rules. The court rejected the IRS' argument that *Cardinal Mine* required priority claims to be paid first, regardless of the reason for untimely filing. Instead, the court affirmed the long-standing practice of applying the time limits set forth in the bankruptcy rules to all creditors, as long as notice was present. *Id.* at 92; *see also In re Global Precious Metals, Inc.*, 143 B.R. 204 (Bankr.N.D.Ill.1992) (finding that a creditor without notice is protected by § 726(a)(2), but that otherwise the ninety day filing requirement applies); *In re Crawford*, 135 B.R. 128, 133 (D.Kan.1991) (holding that tardily filed claims by IRS should be subordinated under § 726(a)(3) to timely filed claims by general unsecured creditors).

Finally, the Court notes that judicial efficiency, certainty, and finality with respect to bankruptcy proceedings would be severely hampered if creditors with priority claims were able to assert them at any time, regardless of having received timely notice of the bankruptcy proceeding. A broad reading of *Cardinal Mine* "not only subsumes Rule 3002(c)'s ninety-day deadline in regard to federal tax claims, it makes the Rule inapplicable whenever a priority claim is allegedly asserted. Logically, a creditor could appear years after receiving timely notice of the bankruptcy, and if his claim was a priority claim, it would be protected." *Century Boat*, 1991 WL 241808 at *2 n. 3, 1991 U.S.Dist. LEXIS 11478 at *6 n. 3.

### III. CONCLUSION

This Court finds that the Bankruptcy Court correctly denied priority status to the IRS' April and May claims as being untimely filed. Accordingly, the order of the Bankruptcy Court is hereby affirmed.

SO ORDERED.