**In re FORREST MARBURY HOUSE ASSOCIATES LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 90–00256.**

United States Bankruptcy Court, District of Columbia.

Oct. 18, 1993.

David B. Tatge, Ginsburg, Feldman & Bress, Chtd., Washington, DC, Trustee.

Walter G. Birkel, Griffin, Birkel & Murphy, Washington, DC, for R & H Intern.

### DECISION RE OBJECTION TO CLAIM OF R & H INTERNATIONAL

S. MARTIN TEEL, Jr., Bankruptcy Judge.

On February 7, 1991, the court converted this case from a chapter 11 case to a chapter 7 case. The trustee objects to the administrative claim of R & H International t/a Strassi ("R & H") as untimely. The objection will be overruled because (1) R & H's claim, even if tardy, is an allowed administrative claim entitled to a distribution under 11 U.S.C. § 507(a)(1) unless equitably subordinated; (2) if R & H's claim is an administrative claim arising in the prior chapter 11 case, R & H was not given the minimum notice to which it was entitled under Fed. R.Bankr.P. 1019(6), and (3) even if R & H's claim is a post-conversion claim arising in the chapter 7 case, R & H, for excusable neglect, is entitled under Fed.R.Bankr.P. 9006(b)(1) to a 5–day enlargement of the 32–day bar

date this court set for chapter 7 administrative claims.

## I

■ Whether R & H's administrative claim arose before or after conversion, R & H's claim, even if late filed, is an allowed administrative claim. *In re Rago*, 149 B.R. 882, 886–88 (Bankr.N.D.Ill.1992). There is no time-bar to allowance of an administrative claim. Although the court or rules may fix a time limit for filing claims in a chapter 7 case, tardily filed claims are not disallowed. The tardiness does not even affect distributional priority in the case of administrative claims, unless the trustee seeks equitably to subordinate the late-filed claim. The only effect of setting a bar date is to set a cut-off for purposes of deciding whether equitable subordination is appropriate. *Rago*, 149 B.R. at 889–90. The trustee here, however, has not filed a complaint for equitable subordination as required by Fed.R.Bankr.P. 7001.

There are additional reasons why R & H's claim is entitled to a distribution under 11 U.S.C. § 507(a)(1). If R & H's claim arose in the chapter 11 case, R & H was never given the notice to which it was entitled. See part II below. If its claim arose in the chapter 7 case, cause has been shown for enlarging the time for filing the claim. See part II below.

## II

■ The rules governing the time for filing administrative claims and the enlargement or reduction of that time vary in a converted case according to whether the claim is one that arose in the chapter 11 case or the chapter 7 case. By reason of Fed.R.Bankr.P. 1019(6), when a chapter 11 case is converted to chapter 7, holders of administrative claims from the chapter 11 case must file claims by the bar date for filing claims in the chapter 7 case as set under Fed.R.Bankr.P. 3002(c). *In re Lissner Corp.*, 119 B.R. 143, 145–46 (N.D.Ill.1990) (applying Fed.R.Bankr.P. 1019(7) before its change to Rule 1019(6)). Thus, chapter 11 claims in this case are subject to the limitations of Fed.R.Bankr.P. 9006(b)(3) on enlarging the time for filing claims and the prohibition of Fed.R.Bankr.P. 9006(c)(2) against reducing the time for filing claims.

■ The clerk initially issued a notice in the chapter 7 case under Fed.R.Bankr.P. 2002(e) that no dividend appeared likely. Subsequently, on May 8, 1991, the clerk issued a notice under Fed.R.Bankr.P. 3002(c)(6) that a dividend might be paid and that claims must be filed within 90 days (as provided by Rule 3002(c)(6)) of the date of the notice, *i.e.*, by August 6, 1991. R & H was not among the entities mailed that notice. Docket Entry No. 120. The debtor never filed the list required by Fed.R.Bankr.P. 1019(5) of claims incurred in the chapter 11 case, thus frustrating the clerk's ability to comply with Fed.R.Bankr.P. 1019(6).

R & H's claim is as a tenant of retail space, leased to it by the debtor, for the amount of a security deposit owed to it. The lease was entered into before conversion of the case to chapter 7. R & H ceased to be a tenant after the case was converted to chapter 7. R & H's proof of claim states that the debt was incurred on August 30, 1990, a date preceding the February 7, 1991 conversion of the case. Thus, at the very least the claim was a contingent chapter 11 administrative claim when the case was converted to chapter 7: R & H was owed the amount of its security deposit except to the extent the security deposit could be withheld for damage to the leased premises or unpaid rent once the lease ended. Thus, R & H should have been listed on the list required to be filed under Fed.R.Bankr.P. 1019(5) and should have been sent notice under Fed.R.Bankr.P. 1019(6) of the time within which to file a claim.

In May of 1991, when this case was converted to chapter 7, Rule 1019(6) (then numbered Rule 1019(7)) provided that entities listed under Fed.R.Bankr.P. 1019(5) (then numbered Rule 1019(6)) were to be ordered that they could file claims "within 60 days from the entry of the order pursuant to Rules 3001(a)–(d)." Effective August 1, 1991, Rule 1019(6) was amended to provide that the clerk was to give notice to such entities that their claims "may be filed pursuant to Rules 3001(a)–(d) and 3002." Also effective August 1, 1991, the time for filing

the schedule required by Rule 1019(5) (previously numbered Rule 1019(6)) was reduced to 15 days to assure, according to the Advisory Committee Note, that the clerk could give such entities timely notice of the meeting of creditors held pursuant to 11 U.S.C. § 341(a). The Advisory Committee Note to new Rule 1019(6) states:

> Paragraph (7), renumbered as paragraph (6), is amended to conform the time for filing postpetition claims to the time for filing prepetition claims pursuant to paragraph (3) (renumbered as paragraph (2)) of this rule and Rule 3002(c). . . . It is anticipated that this notice will be given together with the notice of the meeting of creditors.

Thus, it is apparent that the holding of *Lissner Corp.*, 119 B.R. at 145–46, that Rule 3002(c) applies to chapter 11 administrative claims in a case converted to chapter 7, continues to apply even more clearly than under former Rule 1019(7).

R & H never was sent the 60-day notice required under old Rule 1019(7) or the 90-day notice required under new Rule 1019(6) in conjunction with Fed.R.Bankr.P. 3002(c)(6).[1] As the holder of a contingent administrative claim of the chapter 11 case, R & H ought to have been sent such notice. Accordingly, R & H was denied due process and its allowed claim, filed within 37 days of the only notice sent it, ought to be given full effect. *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1091 (6th Cir.1990).

### III

■ In contrast, to pre-conversion claims, post-conversion administrative claims arising in the chapter 7 case are not subject to Fed.R.Bankr.P. 1019(6) and the bar date provisions of Fed.R.Bankr.P. 3002. Rather, the authority to set a bar date as to such claims appears to rest in 11 U.S.C. § 105 and the bar date set may be enlarged under Fed.R.Bankr.P. 9006(b)(1) without the restrictions of Fed.R.Bankr.P. 9006(b)(3) (which limits enlargement to the extremely limited instances enumerated in Fed.R.Bankr.P. 3002(c)). *Cf. Rago*, 149 B.R. at 890 n. 13.

■ The trustee might attempt to avoid his failure to give proper notice to R & H as a chapter 11 administrative claimant by arguing that R & H's claim is a claim arising in the chapter 7 case because R & H's right did not arise until its lease ended without damage to the premises. Even if the court were to accept that argument, R & H's claim would be treated as timely. The court issued an order setting June 15, 1992 as the bar date for chapter 7 administrative claims. The trustee mailed that order to R & H on May 14, 1993, thereby giving 32-days notice of the bar date. The address the trustee used was R & H's old address at the premises R & H leased from the debtor. This delayed the receipt of the notice at R & H's new office in Bethesda, Maryland. In any event, R & H's principal, Fouad Hamra, was out of the country when the notice was received. When the notice came to his attention, either after or just shortly before the expiration of the bar date, he made inquiry of the trustee who advised that R & H should contact an attorney but apparently also stated that no dividend appeared likely. This strongly suggests that either the call came after the bar date had passed—since the trustee believed that late-filed claims were barred—or that Hamra confused the treatment for general unsecured creditors (who will receive no dividend) with what administrative creditors will receive. In any event, Hamra thought about the matter and in a matter of a few days contacted the clerk on June 20, 1992, and learned that a proof of claim would still be accepted for filing even though late. He filed a claim that day.

Applying Fed.R.Bankr.P. 9006(b)(1) in light of the standards announced in part II(B) of *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. ——, —— – ——, 113 S.Ct. 1489, —— – ——, 123 L.Ed.2d 74, 89–90 (1993), I conclude that excusable neglect has marginally been shown. The 5-day delay in filing the claim imposed no prejudice to the trustee who was not even close to concluding his handling of the estate; the delay was mini-

---

1. Although R & H's principal testified that he believed that his partner had received the 90-day notice issued on May 8, 1991, he was plainly confused in this regard.

**4**

mal; it did not have any potential adverse impact on the judicial proceedings (beyond the uncertainty whether relief would be granted under Rule 9006(b)(1)); and the reasons for the delay were the extremely short deadline set, the delays in the mail, Hamra's absence from the office, and, if Hamra's conversation with the trustee occurred before the bar date, Hamra's temporary befuddlement arising from that conversation. Hamra was not very sophisticated in legal matters and there is no suggestion he acted in bad faith.

### IV

In conclusion, the trustee's objection must be overruled. The court, however, will limit R & H's claim to treatment as a chapter 11 administrative expense as asserted on the proof of claim.