In re Paul WILFERTH and
Glenda Wilferth.

UNITED NEW MEXICO
BANK, Plaintiff,

v.

Paul WILFERTH, et al., Defendants.

Bankruptcy No. 7–84–01096 R R.
Adv. No. 85–0277 R.

United States Bankruptcy Court,
D. New Mexico.

Feb. 12, 1986.

Jennie Behles, Albuquerque, N.M., for debtor.

John Funk, Artesia, N.M., for United New Mexico Bank.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

### FACTS

■ The defendants filed a motion to dismiss the plaintiff's complaint objecting to discharge under 11 U.S.C. § 727. The defendants assert and the record confirms that the plaintiff's complaint was not filed nor was an extension of time obtained within 60 days of the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341(a). The defendant debtors contend that this Court has no discretion to extend the time limit except as provided in Rule 4004. This Court agrees with that general proposition and is bound to follow without exception the rules promulgated by the United States Supreme Court, unless the procedural rule is inconsistent with 28 U.S.C. § 2075.[1] In such case, the Bankruptcy Statutes control over inconsistent procedural rules.

In its complaint, which must be taken as true for purposes of a motion to dismiss, the plaintiff bank alleges that the debtors scheduled certain personal property in which it had a security interest at the time of the filing of the Chapter 7 petition. The trustee abandoned the property and the creditor contacted the debtor's attorney to discuss the surrender of the collateral. Thereafter the plaintiff discovered the debtor had disposed of the collateral post-petition. The plaintiff alleges violation of § 727(a)(2)(B) which provides that the Court "shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay or defraud a creditor.... has transferred, removed, destroyed.... property of the estate, after the date of the filing of the petition." The creditor also alleges a violation of § 727(a)(5) which would require denial of discharge of a debtor who "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss or deficiency of assets to meet the debtor's liabilities."

The substance of the plaintiff's creditor's complaint is that the debtor stated in the schedules he had the property at the time the petition was filed. However, the property was missing when the creditor attempted to recover it, and the debtor can neither produce the property nor explain its absence.

### ANALYSIS

Rule 4004 clearly states a creditor must file its complaint objecting to discharge within 60 days of the 341 meeting.[2] If the creditor filed a motion to extend prior to the expiration of that 60 days, the Court, for cause, may extend the time.[3] If the creditor neither files a complaint nor a motion for extension of time, the Court has no discretion to grant an extension of time and to permit the bar date to be extended.

Under the allegations of the complaint in this case, the plaintiff believes the debtor either disposed of its collateral post-petition or made false representations in the petition. Can the rule make post-petition conversion of property a ground for denial of discharge, require the objection to discharge be filed before the conversion is discovered, indeed perhaps before it occurs, and still be consistent with the Bankruptcy Code?

---

1. 28 U.S.C. § 2075. Bankruptcy Rules. The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions and the practice and procedure in cases under title 11.

Such rules shall not abridge, enlarge, or modify any substantive right.

2. Rule 4004(a)

3. Rule 4004(b)

■ In this instance it seems that the proper rule is and should be that the bar date established by Rule 4004 applies to pre-petition transactions. It has no application to post-petition transactions and there is no time limitation for the filing of the complaint objecting to the discharge based upon post-petition misconduct. Although this Court may consider the defense of latches and dismiss a complaint objecting to discharge if the misconduct is long known and prejudice may have occurred, nevertheless this Court cannot establish a bar date rule of this inflexibility without the authorization of Congress or the Supreme Court pursuant to its rule making authority.

Section 727(d) sets forth grounds for revocation of a discharge and § 727(e) sets ultimate time limits within which revocation of discharge may be entertained thus protecting creditors from conduct by the debtor that is discovered only after a discharge is granted. No doubt these statutory ultimate limits would be applicable to objection to discharge as well as revocation of discharge; however, there is no suggestion from the pleadings that those ultimate time limits have any application to this case.

■ In so far as Rule 4004 of the Rules of Bankruptcy Procedure apply to objections to discharge alleging post-petition misconduct, it is inconsistent with 11 U.S.C. § 727 and the latter shall control.

An appropriate form of order should be prepared and submitted by prevailing counsel.