**In re Braxton DIXON, Debtor.**

**Jane B. FORBES, Trustee,
Plaintiff-Appellee,**

v.

**Braxton DIXON, Defendant-Appellant.**

Civ. A. No. 3:88–0378.
Bankruptcy No. 384–01082.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 25, 1988.

Nader Baydoun and James H. Harris, III, Nashville, Tenn., for defendant-appellant.

John C. Hess, Brentwood, Tenn., for plaintiff-appellee.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

### I

The appellant-debtor Mr. Braxton Dixon filed timely herein a motion for rehearing.

Rule 8015, Bankruptcy Rules. He asks this Court to reconsider its decision refraining from addressing two of the issues he presented herein relating to certain orders of the Bankruptcy Court from which he did not appeal specifically. 91 B.R. 457.

Those orders (1) granted the trustee a 10–day extension of time in which to file a complaint objecting to the discharge of the debtor; and (2) denied the debtor's motion to dismiss such complaint for an alleged failure to state a claim upon which relief could be granted but granted the trustee's motion to amend the complaint. Both action's were listed in the appellant's designation of the record and statement of the issues, Rule 8006, Bankruptcy Rules, and were drawn into question by the appeal from the final judgment. *Litchfield v. Spielberg,* 736 F.2d 1352, 1355[3] (9th Cir. 1984), *cert. den.,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985).

Thus, the debtor's motion herein for a rehearing hereby is

GRANTED, and the Court considers the merits of the additional issues presented by such debtor.

### II

The debtor contends that the Bankruptcy Court of this District erred in granting the trustee an enlargement of time in which to file a complaint objecting to his discharge in bankruptcy.

"On motion of any party in interest, after a hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired."

Rule 4004(b), Bankruptcy Rules.

The time for filing such a complaint is "not later than 60 days following the first date set for the meeting of creditors held pursuant to [11 U.S.C.] § 341(a)." 11 U.S. C. § 4004(a).

The trustee's motion for an enlargement of time was filed before the pertinent 60–day period had expired. Although the Bankruptcy Court granted the trustee's motion for such an extension initially with-

out having conducted the required hearing, it corrected its error and afforded the debtor a hearing to object to the extension; at the conclusion of such hearing, the Court reduced the period of the extension it had originally granted to 10 days from the date of such hearing.

The enlargement of time was for "cause," the trustee alleging that an extension was required to enable her to conduct a full investigation into the debtor's activities over the two-year period preceding the filing of the bankruptcy petition and to examine the debtor's financial records. "[T]he [Bankruptcy] Court in its discretion is permitted to grant extensions of time to a party [for filing a complaint objecting to discharge] when a proper showing is made." *In re Abrams*, 35 B.R. 485, 486[1] (Bank.Ohio 1983).

The Bankruptcy Court did not abuse its discretion in granting such motion for an extension.

### III

■ The debtor contends further that the Bankruptcy Court erred in denying his motion to dismiss the trustee's pertinent complaint for the failure to state a claim upon which relief could be granted and in granting the trustee's motion to amend such complaint. With regard to amended and supplemental pleadings in Bankruptcy Adversary proceedings, Rule 7015, Bankruptcy Rules, states that "Rule 15, F.R. Civ.P., applies."

"Rule 15(a) [, *supra* ] declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229[9], 9 L.Ed.2d 222 (1962). The trustee's complaint, objecting to the discharge of the debtor, was filed timely with the Bankruptcy Court.

Such complaint states in pertinent part as follows:

The Plaintiff brings this action under 11 USC § 727(a), pursuant to 11 USC § 727(c)(1) and alleges that

(a) the debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained.

(b) the debtor knowingly and fraudulently made a false oath or account and withheld from an officer of the estate entitled to possession under this title any recorded information including books, documents, records, and papers, relating to the debtor's property or financial affairs.

(c) the debtor has failed to explain satisfactorily any deficiency of assets to meet the debtor's liabilities.

(d) the debtor has refused in this case to obey lawful orders of this Court.

(3) the debtor, with intent to hide, delay or defraud an officer of the estate charged with custody of property has transferred, removed or concealed property of the estate after the date of the filing of the petition.

The trustee set-forth clearly the pertinent statutory provisions and worded the complaint in such a way so as to put the debtor on notice adequately of the causes of actions being asserted against him.

The amended complaint was not filed within the time period set by the Court for filing the original complaint. "[A]mendments or new grounds of objection may not be added by way of amendment filed after the deadline for filing complaints objecting to discharge has passed. * * * All that is permitted is amplification of the original grounds set forth in the complaint." *Matter of Ksenzowski*, 56 B.R. 819, 829[5] (Bank.N.Y.1985).

However, the amended complaint filed by the trustee herein did not attempt to add any new cause-of-action against the debtor; rather, it simply amplified the causes which were clearly set-out in the original complaint. Thus, this Court concludes that the Bankruptcy Court did not err in denying the debtor's pertinent motion to dismiss and in granting the trustee leave to amend her complaint.

Therefore, the order of the Bankruptcy Court granting the trustee a 10-day exten-

sion in which to file the complaint, objecting to the debtor's discharge in bankruptcy, and its order of January 5, 1987, denying the debtor's motion to dismiss the complaint for the failure to state a cause of action and granting the trustee leave to file an amended complaint, hereby are

AFFIRMED.