### In re MAYVILLE FEED & GRAIN, INC., Debtor.

### Bankruptcy No. 86–09192.

United States Bankruptcy Court, E.D. Michigan.

Jan. 28, 1991.

---

MEMORANDUM OPINION ON TRUSTEE'S OBJECTION TO THE CLAIMS OF THE STATE OF MICHIGAN AND THE MICHIGAN EMPLOYMENT SECURITY COMMISSION

ARTHUR J. SPECTOR, Bankruptcy Judge.

On April 10, 1986, Mayville Feed & Grain, Inc. (Debtor) filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The State of Michigan (State) filed a proof of a priority unsecured claim against the estate on September 19, 1986, in the amount of $6,999.70. The Michigan Employment Security Commission (MESC) filed a proof of a priority unsecured claim against the estate on October 24, 1986, in the amount of $2,465.59. The trustee objected to both claims because they were filed after the bar date of August 4, 1986. Neither creditor appeared at the hearing of this objection.

Neither the State nor MESC was listed on the matrix or in the bankruptcy schedules filed by the Debtor. Accordingly, we assume that they did not receive notice of the bankruptcy petition in time to file a timely proof of claim. That being the case, the decision of the Sixth Circuit in *United States v. Cardinal Mine Supply*, 916 F.2d 1087 (6th Cir.1990), is directly applicable here.

In *Cardinal Mine*, the chapter 7 trustee objected to the allowance of an Internal Revenue Service claim on the grounds that it was untimely filed. The bankruptcy court sustained the trustee's objection even though the IRS established that it had not received timely notice of the bankruptcy filing. The district court affirmed the bankruptcy court, but the Sixth Circuit reversed.

Although the court could have based its opinion solely on the equitable and due process grounds which it first cited, 916 F.2d at 1089–91, it also set forth an interpretation of § 507 that this Court regards as questionable. In what we believe (and hope) is dictum, the court stated that the time limits for filing proofs of claim do not apply to creditors holding unsecured priority claims. The court's reasoning was as follows:

> The language of section 726 does not itself bar tardily filed priority claims. Subsection (a)(1) merely provides that the order of distribution of priority claims will be the order specified in section 507. This subsection makes no distinction between tardily filed and timely filed priority claims or between tardily filed claims where the priority creditor had notice or had no notice.... There are valid reasons for permitting all tardily filed priority claims to be paid whether or not the creditor had notice. Wages, contributions to employee benefit plans, claims of persons who have deposited grain in a grain elevator up to $2,000, rent or security deposits up to $900, are all claims which deserve very special consideration. Those considerations apply whether the claim is tardily filed or not. Congress has chosen to place certain taxes in the privileged category. Congress has expressed itself that these claims are to be paid first. Since their priority is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed either because they had received no notice of the bankruptcy or for some other reason.

*Id.* at 1091.

The problem with this analysis is that it overlooks the fact that § 507(a) refers only

to *allowed* claims. The logical inference to be drawn from this qualification, of course, is that a claim cannot acquire priority status under § 507(a) unless it is allowed. *See In re Tomlan*, 907 F.2d 114 (9th Cir.1990) ("[T]he IRS must timely file a proof of its unsecured claims in order to obtain priority status in a Chapter 13 bankruptcy.")

One basis for disallowing a creditor's claim is the failure to file a proof of claim before the applicable bar date. *See* 3 *Collier on Bankruptcy*, ¶ 502.01[1] (15th ed. 1990) ("[T]he condition precedent to a claim ... being deemed allowed is that proof of such claim ... shall have been filed ... within the fixed time....") In this case, however, considerations of equity and due process preclude disallowing the claims filed by the State and the MESC. *Cardinal Mine, supra.* Accordingly, the trustee's objection is overruled, and the claims of the State and the MESC are hereby allowed.