**In the Matter of Magdy Ahmed OSMAN p/d/b/a Midtown Medical Practice, Debtor.**

**Bankruptcy No. 91–41618.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Nov. 8, 1993.

**710**

Jan R. Gilbert, Savannah, GA, for debtor.

Leonard J. Panzitta, Savannah, GA, for creditor.

James L. Drake, Jr., Savannah, GA, for Trustee.

### MEMORANDUM AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF DURR–FILLAUER MEDICAL, INC.

LAMAR W. DAVIS, Jr., Chief Judge.

The above objection having been considered, I make the following Findings of Fact and Conclusions of Law.

#### FINDINGS OF FACT

Debtor's case was filed August 16, 1991. Durr–Fillauer Medical, Inc. ("Durr–Fillauer") was not scheduled as a creditor, but its attorney, Leonard J. Panzitta, was listed in the amount of $10,747.00 (Schedule "F", page 2).

On August 19, 1991, notice of the filing of the case and of the date scheduled for the creditors' section 341 meeting was issued by the Clerk of Court and duly served on all scheduled creditors. That notice set no bar date for filing claims since the case was anticipated to be a "no-asset" case. On October 24, 1991, in accordance with Bankruptcy

Rule 3002(c)(5), the Clerk issued a notice which stated that assets had been recovered by the Trustee and the "creditors who wish to share in any distribution of funds must file a proof of claim ... on or before January 22, 1992." Said notice was served on Leonard J. Panzitta, Attorney at Law, but not separately on Durr–Fillauer.

Durr–Fillauer filed a proof of claim on February 10, 1992, indicating that its claim is non-priority and unsecured in the amount of $10,747.90. The proof was filed together with a stipulation of Debtor's counsel consenting to the late filing. Trustee, however, did not join in that stipulation, and in fact, objected to Durr–Fillauer's claim as being untimely.

The Trustee contends that, since Durr–Fillauer did not file its proof of claim until after the bar date set in accordance with Bankruptcy Rule 3002(c), its claim should be disallowed in its entirety. In response to the Trustee's objection, Durr–Fillauer alleged that its late filing was attributable to "excusable neglect", apparently due to the fact that it had relied on Debtor's counsel's agreement to the late filing.

#### CONCLUSIONS OF LAW

The basic issue before the court is whether a proof of claim, filed after the 90–day bar date set by the Clerk pursuant to Bankruptcy Rule 3002(c)(5), should be allowed as a claim against a Chapter 7 estate. For the reasons set forth below, I conclude that such a claim, though irretrievably tardy, should be allowed under 11 U.S.C. Section 726(a).

#### 1. Rule 3002 and the "Excusable Neglect" Standard

The "excusable neglect" standard, upon which Durr–Fillauer relies, is found in Bankruptcy Rule 9006(b)(1). This provision allows a court to retroactively enlarge any time period established under the Bankruptcy Rules when a party can show that its failure to act within the prescribed time was the result of "excusable neglect".[1] Rule

---

1. Fed.R.Bankr.P. 9006(b)(1) provides:

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or

9006(b)(1), however, is subject to the exception stated in Bankruptcy Rule 9006(b)(3), which provides that a court may enlarge the time limits established under Bankruptcy Rule 3002(c) only to the extent and under the conditions stated in Bankruptcy Rule 3002(c).[2]

■ Rule 3002(c) governs the time limits for filing proofs of claim in cases filed under Chapters 7, 12 and 13 of the Code. It states the general rule that a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors under section 341(a), and then lists six exceptions.[3] These six exceptions apply in very specific situations, and none of them grant the court any discretion to employ the "excusable neglect" standard to enlarge the time period established for the filing of proofs of claim. Therefore, while a court may, in its discretion, employ the "excusable neglect" standard in a Chapter 11 case to enlarge the time period for filing proofs of claim, it may not employ the standard in a Chapter 7, Chapter 12 or Chapter 13 case to deem an otherwise late filed proof of claim as timely. *See Matter of Jones,* 154 B.R. 816, 818 (Bankr. M.D.Ga.1993); *In re Bailey,* 151 B.R. 28, 34 (Bankr.S.D.N.Y.1993). *See also Pioneer Investment Services Co. v. Brunswick Associates,* —— U.S. —— n. 4, 113 S.Ct. 1489 n. 4, 123 L.Ed.2d 74 n. 4 (1993).

Thus, Durr–Fillauer may not avail itself of the "excusable neglect" standard of Rule 9006(b)(1) in this Chapter 7 proceeding. Accordingly, its claim, filed 19 days after the deadline for filing such claims, is irretrievably tardy.

### 2. Allowance of a Tardily Filed Claim in a Chapter 7 Case

■ The fact that Durr–Fillauer's claim is irretrievably tardy does not, however, resolve the issue of whether its claim should be allowed as a claim against Debtor's estate. Resolution of this issue requires the court to construe two provisions, Bankruptcy Rule 3002(a) and 11 U.S.C. Section 726(a), which appear to be inconsistent in their treatment of tardily filed claims.

Bankruptcy Rule 3002(a) provides, in relevant part, that an unsecured creditor must file a proof of claim *"in accordance with this rule for the claim ... to be allowed ..."* (emphasis added).[4] As previously noted, Bankruptcy Rule 3002(c) provides that, in a Chapter 7, Chapter 12, or Chapter 13 case, "a proof of claim *shall be filed* within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code ..." This subsection is subject to six exceptions, the fifth of which is applicable to this case.[5]

---

allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect.* (emphasis added).

2. Fed.R.Bankr.P. 9006(b)(3) provides:
The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), *3002(c),* 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules. (emphasis added).

3. Fed.R.Bankr.P. 3002(c) provides:
Time For Filing. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of credi-

tors called pursuant to § 341(a) of the Code ...

4. Fed.R.Bankr.P. 3002(a) provides in full:
Necessity For Filing. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004 and 3005.

5. The fifth exception is found in Fed.R.Bankr.P. 3002(c)(5), and it provides:
If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.
The fact that the final claims bar date was established pursuant to the exception stated in Rule 3002(c)(5) does not bear on the resolution of this issue. Under either the general rule of

Thus, according to the express provisions of Bankruptcy Rule 3002, a claim which is not filed in accordance with the time limits imposed by subsection (c) of the Rule must be disallowed under subsection (a). This has led many courts to strictly construe Rule 3002 as a statute of limitations, barring the late filing of a proof of claim.[6] Most of the decisions construing Rule 3002 as a bar to tardily filed claims, however, involve cases filed under Chapter 13 of the Code.[7] Chapter 13 does not contain a provision dealing with tardily filed proofs of claim. As a result, the only relevant provision for a court to consider when faced with a late filed claim in a Chapter 13 case is Rule 3002(a), which clearly requires that such a claim be disallowed.

The case at bar, however, involves a case filed under Chapter 7 of the Bankruptcy Code. Chapter 7 does contain a provision dealing with tardily filed claims, namely, section 726(a). Section 726(a) dictates the priority of distribution of estate property in a Chapter 7 case, and contrary to the language of Rule 3002(a), it clearly provides for the inclusion of tardily filed claims. Specifically, 11 U.S.C. Section 726(a)(2)(C) provides:

> [P]roperty of the estate shall be distributed ... second, in payment of any allowed unsecured claim ... proof of which is—
>
> ... *tardily filed under section 501(a)* of this title if—
>
> (i) the creditor that holds such claim *did not have notice or actual knowledge of the case* in time for timely filing of a proof of such claim under section 501(a) of this title; and
>
> (ii) proof of such claim is filed in time to permit payment of such claim. (emphasis added).

Section 726(a)(3) provides:

> [P]roperty of the estate shall be distributed ... third, in payment of any allowed unsecured claim proof of which is *tardily filed under section 501(a) of this title,* other than a claim of the kind specified in paragraph (2)(C) of this subsection.[8] (emphasis added).

Bankruptcy Rule 3002(c) or the exception stated in 3002(c)(5), creditors are given a 90–day time limit in which to file their proofs of claim. If a proof of claim is not filed within the time period established under either provision, then it has not been filed "in accordance with this rule" as required by Rule 3002(a).

**6.** *See In re Davis,* 936 F.2d 771 (4th Cir.1991); *In re Tomlan,* 907 F.2d 114 (9th Cir.1990), *adopting district court opinion at* 102 B.R. 790 (E.D.Wash.1989); *Wilkens v. Simon Bros., Inc.,* 731 F.2d 462 (7th Cir.1984); *In re Street,* 55 B.R. 763 (Bankr. 9th Cir.1985); *In re Smartt Const. Co.,* 138 B.R. 269 (D.Colo.1992); *In re Richards,* 50 B.R. 339 (E.D.Tenn.1985); *In re Osborne,* 159 B.R. 570 (Bankr.C.D.Cal.1993); *In re Turner,* 157 B.R. 904 (Bankr.N.D.Ala.1993); *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993); *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993); *In re Bailey,* 151 B.R. 28, 30 (Bankr.N.D.N.Y. 1993); *In re Stoecker,* 151 B.R. 989, 1004 (Bankr. N.D.Ill.1992); *In re Weissman,* 126 B.R. 889 (Bankr.N.D.Ill.1991); *In re Wells,* 125 B.R. 297 (Bankr.D.Colo.1991); *In re Harper,* 138 B.R. 229 (N.D.Ind.1991); *In re Scott,* 119 B.R. 818 (Bankr.M.D.Ala.1990); *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990); *In re Woodhouse,* 119 B.R. 819 (Bankr.M.D.Ala.1990); *In re Roberts,* 98 B.R. 664 (Bankr.D.Vt.1989); *In re Chirillo,* 84 B.R. 120, 122 (Bankr.N.D.Ill.1988); *In re Noble,* 93 B.R. 13, 15 (Bankr.N.D.N.Y.1988); *In re Stern,* 70 B.R. 472 (Bankr.E.D.Pa.1987); *In re Matthews,* 75 B.R. 379 (Bankr.E.D.Mo.1987); *In re Goodwin,* 58 B.R. 75 (Bankr.D.Me.1986); *In re Kennedy,* 40 B.R. 558 (Bankr.N.D.Ala.1984).

**7.** Of the 25 decisions cited *supra* note 6, four involved cases filed under Chapter 7 of the Code. *See In re Davis,* 936 F.2d 771 (4th Cir.1991); *In re Smartt Const. Co.,* 138 B.R. 269 (D.Colo.1992); *In re Stoecker,* 151 B.R. 989, 1004 (Bankr.N.D.Ill. 1992); *In re Roberts,* 98 B.R. 664 (Bankr.D.Vt. 1989). *But see In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992); *In re Unroe,* 937 F.2d 346 (7th Cir.1991), both allowing tardily filed claims in a Chapter 13 case.

**8.** In full, 11 U.S.C. Section 726(a) provides:

Except as provided in section 510 of this title, property of the estate shall be distributed—
(1) first, in payment of claims of the kind specified in, and in order specified in, section 507 of this title;
(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
(A) timely filed under section 501(a) of this title;
(B) timely filed under section 501(b) or 501(c) of this title; or
(C) tardily filed under section 501(a) of this title if—
(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

■ In construing a statute, it is fundamental that the examination should commence with the language of the statute itself. *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 557, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990). Moreover, "the sole function of the court is to enforce [a statute] according to its terms." *U.S. v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (*citing Caminetti v. U.S.,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

These two provisions could not be any clearer in their treatment of tardily filed claims. Under section 726(a)(2)(C), an unsecured creditor who is without notice and actual knowledge of the case is not penalized for tardily filing its proof of claim, as long as the claim is filed in time to permit payment of such claim. Accordingly, such a creditor is afforded the same priority in payment as other general unsecured creditors. Section 726(a)(3) on the other hand, penalizes a tardily filing creditor who did receive notice or have actual knowledge of the case by subordinating that creditor one level below that of unsecured creditors.

The legislative history to section 726(a) only supports this construction. "Second, distribution is to general unsecured creditors ... The provision is written to permit distribution to creditors that tardily file claims if their tardiness was due to lack of notice or knowledge of the case. Though it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty should not apply. Third, distribution is to general unsecured creditors who tardily file." H.R.Rep. No. 595, 95th Cong., 1st Sess. 383 (1977); S.Rep.

No. 989, 95th Cong., 2d Sess. 97 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5883, 5963, 6339.

Furthermore, such a construction is consistent with the relevant provisions of sections 501 and 502 of the Bankruptcy Code. Sections 726(a)(2)(C) and (a)(3) both refer to section 501(a) as the mechanism for determining whether a claim is timely or tardily filed, and both require that a tardily filed claim be an *allowed* claim before it is paid in any distribution from the estate.[9]

11 U.S.C. Section 501 sets forth the basic rules for filing proofs of claims or interests in a bankruptcy case. Subsection (a) of section 501 is a very general provision, stating only that "[a] creditor or indenture trustee may file a proof of claim." The legislative history to subsection (a) provides that "[t]he Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, *which will determine whether claims are timely or tardily filed.*" H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5847, 5963, 6307 (emphasis added). There is nothing within this passage to suggest that the Bankruptcy Rules are to require that a claim be timely filed to be allowed, as Bankruptcy Rule 3002(a) does. To the contrary, the passage indicates that the Bankruptcy Rules are to provide the mechanism for determining whether a claim is timely or tardily filed. The substantive treatment of such claims is to be left to the provisions of section 726(a).

11 U.S.C. Section 502, in relevant part, provides:

(a) A claim or interest, proof of which is filed under section 501 of this title, is

---

(ii) proof of such claim is filed in time to permit payment of such claim;
(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;
(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not com-

pensation for actual pecuniary loss suffered by the holder of such claim;
(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; and
(6) sixth, to the debtor.

9. Both sections employ the phrase "in payment of any *allowed* unsecured claims, ... proof of which is tardily filed under *section 501(a)* of this title ..." 11 U.S.C. Sections 726(a)(2)(C) and (a)(3) (emphasis added).

deemed allowed, unless a party in interest ... objects.

(b) If such objection to a claim is made, the court, after notice and a hearing ... *shall allow such a claim* ... except to the extent that—

Section 502(b) goes on to list eight grounds upon which a court may disallow a claim, and a late filed proof of claim is not one of them. Thus, based upon the plain language of the statute, unless one of the eight grounds listed in section 502(b) apply, a court is required allow a claim, even if proof of that claim has been tardily filed.

Thus, section 502 is completely consistent with the way in which sections 726(a)(2)(C) and (a)(3) use the term "allowed unsecured claims". Obviously, sections 726(a)(2)(C) and (a)(3) were drafted upon the assumption that a tardily filed proof of claim would not be a basis for disallowance. Otherwise, both provisions are rendered completely superfluous. Section 502, unlike Bankruptcy Rule 3002(a), is completely consistent with this assumption because it does not list, as one of the grounds for disallowance, the untimely filing of a proof of claim.

In sum, it is apparent that sections 501(a), 502 and 726(a) create a statutory framework for dealing with tardily filed claims which Bankruptcy Rule 3002(a) runs afoul of.[10] Section 501(a), and the procedural rules enacted under it, are to act merely as a benchmark for determining whether a claim is timely or tardily filed. The grounds for disallowance are left exclusively to Section 502(b), under which every claim, whether timely or tardily filed, must pass muster. Finally, the power to affect the substantive rights of creditors, based on whether their proofs of claim are timely or tardily filed, is reserved for the relevant provisions section 726(a). Therefore, to the extent that Rule 3002(a) requires a claim, proof of which is tardily filed under Rule 3002(c), to be disallowed, it is inconsistent with sections 726(a)(2)(C) and (a)(3).

Generally, the Federal Rules of Bankruptcy Procedure, as promulgated by the United States Supreme Court pursuant to the Rules Enabling Act, 28 U.S.C. Section 2075, have the force and effect of law. However, an exception to this principle arises where a rule is inconsistent with a provision of the Bankruptcy Code, in which case the Code must prevail over the inconsistent procedural rule. *See* Rules Enabling Act, 28 U.S.C. section 2075; *In re Stoecker*, 151 B.R. at 1004; *In re Roberts*, 68 B.R. 1004, 1006 (Bankr.E.D.Mich.1987). *In re Wilferth*, 57 B.R. 693, 694 (Bankr.D.N.M.1986). Accordingly, to the extent that Rule 3002(a) requires that a proof of claim be timely filed for a claim to be allowed in a Chapter 7 case, it must yield to the clear expression of sections 726(a)(2)(C) and (a)(3). Therefore, I conclude that a claim, proof of which is tardily filed under Bankruptcy Rule 3002(c), must be allowed as a claim against a Chapter 7 estate and afforded the appropriate treatment under section 726(a). *Accord U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir.1990); *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1430 (9th Cir. 1990); *In re Rago*, 149 B.R. 882, 885 (Bankr. N.D.Ill.1992); *In re Global Precious Metals, Inc.*, 143 B.R. 204 (Bankr.N.D.Ill.1992); *In re Mayville Feed & Grain, Inc.*, 123 B.R. 245, 247 (Bankr.E.D.Mich.1991). *See also In re Hausladen*, 146 B.R. 557, 561 (Bankr. D.Minn.1992).

---

**10.** The question then arises: Why does Bankruptcy Rule 3002, as the procedural mechanism for section 501, require that a tardily filed claim be disallowed, when neither section 501(a) or section 502(b) call for such a requirement? The court in *In re Hausladen*, 146 B.R. 557, 559 (Bankr.D.Minn.1992), offers a possible explanation, as follows:

> Read together, Rules 3002(a) and 3002(c) do not explicitly say but imply that filing with in the prescribed period is a prerequisite to allowance. This erroneous reading arose when the drafters of the new Rule 3002 hastefully copied the substance of the *old* Rule 302 without paying any attention to the major change in the underlying statute. Under the Bankruptcy Act, late claims were explicitly disallowed. Section 57(n) of the Act provided that ... '[c]laims which are not filed within six months after the first date set for the first meeting of creditors *shall not be allowed* ...' 11 U.S.C. § 93(n) (repealed Oct. 1, 1979). The old Bankruptcy Rule implemented this time bar. However, a time bar does not expressly exist under the Code or Rules. (emphasis original).

Finally, I note that this conclusion minimizes the potential due process problem created by the application of Rule 3002(a) to a creditor who is without notice or actual knowledge of a bankruptcy case. This problem has been recognized by several courts. *See e.g., In re Cole,* 146 B.R. 837 (D.Colo. 1992); *In re Global Precious Metals, Inc.,* 143 B.R. 204 (Bankr.N.D.Ill.1992); *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir.1990); *In re Chirillo,* 84 B.R. 120, 122 (Bankr.N.D.Ill.1988).

■ Due process requires, at a minimum, that "deprivation of ... property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). The Supreme Court has held that these basic procedural safeguards, notice and an opportunity to be heard, are necessary in a bankruptcy case before a party can be deprived of property. *City of New York v. New York, New Haven & Hartford R.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) (dealing with a tax lien under the old Bankruptcy Act).

Bankruptcy Rule 3002(a) requires *any* claim not timely filed to be disallowed. The Bankruptcy Rules provide no exception to the harsh effect of Rule 3002(a), and accordingly, several courts have held that a creditor, who is without notice or actual knowledge of a bankruptcy case, is nonetheless prevented from tardily filing a proof of claim. *See e.g., In re Chirillo,* 84 B.R. 120, 122 (Bankr.N.D.Ill.1988); *In re International Resorts, Inc.,* 74 B.R. 428, 430 (Bankr. N.D.Ala.1987). Such a result is arguably violative of such a creditor's due process rights because the creditor's right to participate in any distribution of the debtor's assets

is adjudicated and effectively extinguished without the creditor receiving proper notice and an opportunity to be heard.[11]

To some degree, section 726(a) addresses this problem. As previously noted, section 726(a)(2)(C) permits a creditor, who tardily files a proof of claim, to participate in the distribution of the estate just as if its claim had been timely filed, if (1) the creditor did not receive notice of the case, (2) the creditor is without actual knowledge of the case, and (3) there are sufficient assets remaining in the estate to pay the creditor. This result is vastly preferable to the result dictated by Rule 3002(a), both on constitutional and equitable grounds.[12]

■ Applying the above three elements to the case at bar, I conclude that Durr–Fillauer's claim should be paid in accordance with the priority established under section 726(a)(2)(C). Although Durr–Fillauer's attorney, Mr. Panzitta, was listed on Debtor's schedules as a creditor, Durr–Fillauer was not. Accordingly, the relevant notices were sent to him, but not to Durr–Fillauer directly. Furthermore, these notices are standardized forms sent, not only to creditors, but to all parties in interest, and they do not contain any individualized information. Thus, the notice received by Mr. Panzitta did not indicate that he had been listed as an unsecured creditor in this case, nor did it give any indication that the true party in interest was Durr–Fillauer. At the hearing held on this matter, Trustee presented no evidence which indicated that Durr–Fillauer had any actual knowledge of the case before it filed its proof of claim. Therefore, on the record before me, I must conclude that Durr–Fillauer did not receive notice or gain actual knowledge of the case before it filed its proof of claim. Accordingly, the Trustee

11. The court recognizes that such a creditor is not completely without recourse. 11 U.S.C. Section 523(a)(3) allows a creditor, who is neither listed nor scheduled by a debtor, to have its claim excepted from discharge so that it might pursue the debtor after the discharge in bankruptcy is granted. This provision does not, however, completely protect that creditor. *See e.g., In re International Resorts, Inc.,* 74 B.R. 428, 430 (Bankr.N.D.Ala.1987) (court sustained trustee's objections to untimely claims filed by creditor, who was not listed or scheduled by debtor, even

though court acknowledged that creditor would never have any means of collecting its judgment because only a defunct corporation would remain after distribution of assets).

12. Unfortunately, section 726(a) is not as artfully drafted when dealing with tardily filed *priority* claims. *See e.g., U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir.1990); *In re Rago,* 149 B.R. 882, 885 (Bankr.N.D.Ill.1992). Such a problem is not raised by the case at bar, however.

shall be directed to pay Durr–Fillauer's claim in the same priority as all other general unsecured creditors who timely filed proofs of claim.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law IT IS THE ORDER OF THIS COURT that the Trustee's Objection to the claim of Durr–Fillauer Medical, Inc. is hereby DENIED. IT IS THE FURTHER ORDER OF THIS COURT that the claim of Durr–Fillauer Medical, Inc. be paid from the assets of the estate in accordance with the priority established under 11 U.S.C. Section 726(a)(2)(C).