**In re Gray Virgil BUNCE, Dianne Morris Bunce, D/B/A Countryside Landscaping D/B/A/ B & B Construction and Landscaping, Debtors.**

**Bankruptcy No. 90–03602–8–ATS.**

United States Bankruptcy Court, E.D. North Carolina.

March 25, 1994.

Carol A. Morrison, Trustee, Fayetteville, NC.

Thomas Holderness, U.S. Dept. of Justice, Washington, DC, for I.R.S.

Debtors' attorney did not file any pleadings regarding the motion and did not appear at the hearing.

## ORDER DENYING OBJECTION TO PRIORITY CLAIM

A. THOMAS SMALL, Chief Judge.

The matter before the court in this chapter 7 case is the trustee's objection to claims of the Internal Revenue Service. A hearing was held on February 3, 1994, in Raleigh, North Carolina. The objection will be denied with respect to the priority claim, and the objection as to the unsecured claim will be allowed.

The chapter 7 debtors, Virgil and Dianne Bunce, filed for relief on October 30, 1990, and Carol A. Morrison was appointed trustee.

The case was originally designated as a "no asset" case, but after the § 341 meeting, the trustee determined that sufficient assets existed to make a distribution, and a notice to file proofs of claim was sent out on January 3, 1991. The bar date for filing proofs of claim was set at April 3, 1991.

On November 17, 1993, the trustee filed objections to the IRS's Claim No. 37 in the amount of $9,949.95 as a priority claim and Claim No. 38 for a $846.06 penalty as a general unsecured claim. The grounds for the trustee's objections are that the proofs of claim were not filed until January 16, 1992,

more than 9 months after the April 3, 1991 bar date. The priority claim is for employment taxes under § 507(a)(7)(C & D) which is nondischargeable under § 523(a)(1).

 The trustee alleges that the IRS was properly listed on the debtor's mailing matrix and that it received proper notice of the case and the bar date. She contends that the IRS has the burden of timely filing a proof of claim under 11 U.S.C. § 501 in order to participate in the distribution. She further contends that if the debtors wanted to protect themselves from the nondischargeability of the tax claims, they could have filed a proof of claim on behalf of the IRS under § 501(b) and Rule 3004.

The IRS argues that as a priority claimant under § 726(a)(1), it is not subject to the bar date for filing proofs of claim. It asserts that since § 726(a)(1) does not distinguish between timely filed claims and tardily filed claims, as does § 726(a)(2), the IRS merely has to file a claim in order to have an allowed priority claim. Further, the IRS contends that it is not guilty of inequitable conduct and that there is no reason to subordinate its claim. The IRS concedes that it had notice of the case but contends that it did not have notice of potential employee tax liability claims because the notice to the IRS did not include the debtors' employment identification number.

The debtors support the allowance of the priority claim as that tax claim is nondischargeable and must be paid by the debtors if not paid by the estate.

"[I]t is unclear whether a § 726(a)(1) claim filed tardily is still entitled to priority distribution, or whether the claim is forfeited altogether if the filing occurred after expiration of the deadline." 3 *Norton Bankruptcy Law and Practice* § 73.4, at 73–8 (2nd 1994). There are cases supporting each position. Cases holding that a chapter 7 priority claim must be filed by the bar date include: *In re Mayville Feed & Grain, Inc.* 123 B.R. 245 (Bankr.E.D.Mich.1991); *In re Vecchio,* 132 B.R. 239 (Bankr.E.D.N.Y.1991), *aff'd,* 147 B.R. 303 (E.D.N.Y.1992); *In re Electrical Management, Inc.,* 133 B.R. 90 (N.D.Ohio 1991); *In re Pacific Atlantic Trading Co.,* 1992 WL 464102 (N.D.Cal.1992) Cases holding that the bar date does not apply to priority claims include: *Internal Revenue Service v. Century Boat, Co.,* 986 F.2d 154 (6th Cir.1993); *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990); *In re Brenner,* 160 B.R. 302 (Bankr.E.D.Mich. 1993); *In re Rago,* 149 B.R. 882 (Bankr. N.D.Ill.1992).

In this court's opinion, the rule is that a priority claimant in a chapter 7 case need not file a proof of claim by the bar date to have its priority claim allowed. The claim, however, must be filed before distribution, and the claimant must not be guilty of inequitable conduct that prejudices the rights of other creditors.

 There is no evidence of improper conduct on the part of the IRS and its priority claim should be allowed. The general unsecured claim of the IRS was untimely filed and no reason exists to extend the bar date. The trustees' objection to Claim No. 37 is **DENIED** and the objection to Claim No. 38 is **ALLOWED.**

**SO ORDERED.**