In re Curtis Leo BAGGETT, Debtor.

**CHICAGO TITLE INSURANCE CO., Plaintiff,**

v.

Curtis Leo BAGGETT, Defendant.

Bankruptcy No. 396–37414–RCM–7.

Adversary No. 397–3086.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

March 5, 1997.

Lisa G. Duffee, Kathleen C. Miller, Looper, Reed, Mark & McGraw, Dallas, TX, for plaintiff.

Minor E. Pounds, Lancaster, TX, for defendant.

## MEMORANDUM OPINION

ROBERT C. McGUIRE, Chief Judge.

Came before the Court on August 27, 1997 the motion for leave to amend of Chicago Title Insurance Company ("Chicago Title") seeking to amend its complaint objecting to discharge under 11 U.S.C. § 727 of Curtis L. Baggett ("Baggett" or "Debtor"). The Court has jurisdiction over his matter based on 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). After considering the pleadings and arguments of counsel, the Court concludes for the reasons below that Chicago Title's motion to amend its complaint should be granted in part. Following are the Court's findings of fact and

conclusions of law pursuant to Fed. R.Bankr.P. 7052.

### Background

Chicago Title's complaint objecting to the discharge of the debtor was found to be timely filed on March 3, 1997. The only basis in the original complaint for objecting to the discharge is § 727(a)(6)(A). Chicago Title now wishes, almost six months later, to amend its complaint to add three additional bases upon which to object to the discharge of the debtor: § 727(a)(2)(A), (a)(3), and (a)(4)(A). Chicago Title alleges that because the debtor has not satisfactorily responded to discovery requests, it has undertaken an investigation of the debtor's financial affairs. Chicago Title claims that it has only recently uncovered facts in this investigation that support the further bases listed above for objecting to debtor's discharge.

### Issue

Chicago Title raises two arguments to support amendment of its complaint to add these three additional bases. First, it argues that some cases have allowed a complaint objecting to discharge to be filed when a discharge has not yet been granted but the time for filing an objection to discharge has passed because the Bankruptcy Code and Rules do not deal with information discovered during the "gap period," i.e. the period of time between the bar date and the discharge date, that could prevent a discharge. *United New Mexico Bank v. Wilferth (In re Wilferth),* 57 B.R. 693, 695 (Bankr.D.N.M.1986). Second, it argues that its original complaint sufficiently identifies the factual circumstances out of which the amended pleading arises, so the amendment relates back to the timely filed complaint. The debtor, in essence, responds that he has complied with the discovery requests, that any late-discovered information was available to Chicago Title prior to the bar date, e.g. the motor vehicle and real property records, and therefore the amendment should be disallowed.

### Analysis

■ A complaint for objecting to discharge is an adversary proceeding. Fed. R.Bankr.P. 7001. Thus, Federal Rule of Bankruptcy Procedure 7015, which incorporates Federal Rule of Civil Procedure 15, is applicable. *Id.* Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings once before any responsive pleading is served, "[o]therwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Since Mr. Baggett has not consented in writing to Chicago Title's amendment, leave of Court must be obtained.

■ Generally, courts freely grant leave to amend because the purpose of the Rules is to secure the speedy and efficient administration of justice. In this instance, however, Federal Rule of Bankruptcy Procedure 4004(a) constrains somewhat this Court's ability to freely grant leave. Bankruptcy Rule 4004 governs the procedures for filing a complaint objecting to the discharge of a debtor. This Rule requires any such complaint to be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Fed. Rule Bankr.P. 4004(a). Some courts have cited this Rule in denying leave to amend a timely filed complaint. *Chaudhry v. Ksenzowski (In re Ksenzowski),* 56 B.R. 819, 830 (Bankr.E.D.N.Y.1985); *In re Anderson,* 30 B.R. 229, 233 (Bankr.S.D.Fla.1983); *Coccia v. Fischer (In re Fischer),* 4 B.R. 517, 518 (Bankr.S.D.Fla.1980).

Other courts have granted leave to amend based on Rule 15 to the extent that the amendments relate back to the original complaint. *See* Fed.R.Civ.P. 15(c); *see also Caruso v. Segal (In re Segal),* 195 B.R. 325, 330 (Bankr.E.D.Pa.1996); *Forbes v. Dixon (In re Dixon),* 92 B.R. 770, 772 (M.D.Tenn.1988); *American Honda Finance Corp. v. Tester (In re Tester),* 56 B.R. 208, 209 (W.D.Va. 1985); *Melohn v. Klein (In re Klein),* 31 B.R. 947, 950–51 (Bankr.E.D.N.Y.1983). Other courts have granted leave to amend the complaint or leave to file a late complaint objecting to discharge because the grounds for objecting to the discharge were not discoverable until after the bar date had passed. *Citibank, N.A., v. Emery (In re Emery),* 201 B.R. 37, 43 (E.D.N.Y.1996); *Hopfenberg v.*

*Feibish (In re Feibish),* 34 B.R. 1, 3 (Bankr. D.R.I.1983); *In re Meo,* 84 B.R. 24, 28 (Bankr.M.D.Pa.1988); *Stodd v. Mufti (In re Mufti),* 61 B.R. 514, 518 (Bankr.C.D.Cal. 1986).

 The first proposed amendment seeks to add as a ground of non-dischargeability § 727(a)(2)(A). This amendment will not be allowed because this amendment does not sufficiently relate back to the original complaint. The second proposed amendment seeks to add as a ground of non-dischargeability § 727(a)(3). This amendment will be allowed because debtor admitted that he did not produce for Chicago Title his bank records because he allegedly could not locate them in his garage. This objection relates back to the original complaint in that it is an amplification of that complaint. *Dixon,* 92 B.R. at 772. The third proposed amendment seeks to add as a ground of non-dischargeability § 727(a)(4)(A). This amendment will not be allowed because there is insufficient relationship to the contentions of the original complaint.

### Conclusion

Based on the foregoing, Chicago Title's motion for leave to amend is **GRANTED** in part. Chicago Title is granted leave to amend its complaint objecting to the discharge of the debtor based on § 727(a)(3).

A separate Order will be entered in accordance with this Memorandum Opinion.